UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AYAN BURTON, | ) |
| | ) CASE NO.: 1:17 CV 879 |
| Plaintiff, | ) |
| | ) JUDGE: DAN AARON POLSTER |
| v. | ) |
| | ) MOTION FOR RELIEF FROM COURT |
| CLEVELAND HEIGHTS- | ) ORDER, PURSUANT TO F.R.C.P. |
| UNIVERSITY HEIGHTS DISTRICT | ) 60(B)(6) OR, IN THE ALTERNATIVE, |
| BOARD OF EDUCATION, | ) MOTION FOR RECONSIDERATION |
| | ) OF COURT'S ORDER OF JUNE 26, |
| Defendant. | ) 2017 BY OHIO BAR LIABILITY |
| | ) INSURANCE COMPANY |

| | |
|---|---|
| CLEVELAND HEIGHTS- | ) |
| UNIVERSITY HEIGHTS DISTRICT | ) CASE NO.: 5:17 CV 883 |
| BOARD OF EDUCATION, | ) |
| | ) JUDGE: DAN AARON POLSTER |
| Plaintiff, | ) |
| | ) MOTION FOR RELIEF FROM COURT |
| v. | ) ORDER, PURSUANT TO F.R.C.P. |
| | ) 60(B)(6) OR, IN THE ALTERNATIVE, |
| JAMES D. WALLACE, *et al.*, | ) MOTION FOR RECONSIDERATION |
| | ) OF COURT'S ORDER OF JUNE 26, |
| Defendant | ) 2017 BY OHIO BAR LIABILITY |
| | ) INSURANCE COMPANY |

## INTRODUCTION

The Ohio Bar Liability Insurance Company ("OBLIC"), a non-party to this litigation, requests this Honorable Court to grant it relief from the Court's Order of June

26, 2017 (Doc #: 13), pursuant to Federal Rule of Civil Procedure 60(b)(6), or in the alternative, reconsider its Order of the same date, for the reasons set forth below. Once the Court knows all the facts concerning Wallace & Bache, LLC's insurance coverage, the hope is that the Court will see the futility of requiring an OBLIC representative to be present on September 12, 2017. There is no coverage, or duty to defend, for the claims presented in this lawsuit, and, to the best of OBLIC's knowledge, Wallace & Bache, LLC, is not contesting OBLIC's coverage decision.

On June 28, 2017, this Court sent a copy of the aforementioned Order (Doc #: 13) to OBLIC with a cover letter ordering a representative of OBLIC to be present for the Case Management Conference on September 12, 2017. OBLIC has had no previous contact with this Court and, by filing this Motion, OBLIC does not intend to waive any defenses and is not submitting itself to the jurisdiction of this Court.

While OBLIC does have a Professional Liability Policy covering the law firm of Wallace & Bache, LLC, which expires on August 9, 2017, there is no coverage under this policy for the claims set forth in these cases. OBLIC has denied coverage to Wallace & Bache, LLC, and Wallace & Bache, LLC has not contested those denials. The reasons for those denials will be set forth below in more detail.

Additionally, since the Court is raising this issue *sua sponte*, OBLIC has filed a Complaint for Declaratory Judgment in Cuyahoga County Common Pleas Court, Case No. 17 CV 833774, captioned *Ohio Bar Liability Insurance Company vs. Wallace & Bache, LLC, et al.*, where proper jurisdiction exists to get a judicial determination of the issues raised by the Court.

**FACTS**

A detailed chronology of the relevant facts concerning the OBLIC coverage for Wallace & Bache, LLC, is set forth in the accompanying affidavit from Fredrick Hunker, Vice President for Claims of OBLIC, together with the relevant documents (Exhibit 1). (Since this statement of facts closely follows Exhibit 1, with its attached documents, repetitive references to Exhibit 1 will be omitted.)

Originally, OBLIC insured Daniel R Bache ("Bache") before he joined the Rodrick Linton Belfance, LLP, firm (RLB) in 2015. Bache's OBLIC coverage expired on March 22, 2015.  This policy, and all other OBLIC policies involved herein, are "claims-made and reported" policies, meaning that only claims of which the insured first becomes aware, and reports to the company during the policy period, are covered.

While still at RLB, in February 2016, Bache notified OBLIC of an IDEA claim made against him by the Akron Board of Education.  OBLIC forwarded Bache a letter dated February 29, 2016 in which they denied his claim because he no longer had a policy of insurance in force with OBLIC.  The letter also explained to Bache that, even if he had a policy of insurance in force, there would be no coverage for this type of claim which involved money damages in the nature of sanctions or an award of attorney's fees pursuant to the Exclusion (n)(2) of their policy which states as follows:

> *The OBLIC policy excludes coverage for any claim:*
> *For money damages for restitution, fines, penalties, sanctions or any award of attorney's fees imposed against any Insured, and/or any other person or entity under any one or more of the following: Rule 11 of the Federal Rules Of Civil Procedure, Rule 11 of the Ohio Rules Of Civil Procedure, Ohio Revised Code Section 2323.51 (the "frivolous conduct" statute), or under any other federal,*

> *state or local statute or rules of procedure or common law designed to deter frivolous conduct by any party or attorney engaged in litigation.*

In April 2016, Bache and James D. Wallace ("Wallace") left RLB and started practicing as Wallace & Bache, LLC.  They initially purchased individual policies from OBLIC, effective April 30, 2016, and then purchased a policy for the firm, effective August 9, 2016.  When purchasing that policy, they completed an online application for OBLIC and responded to in the negative to the following question:

> *21.  Does any applicant know of any circumstances, act, error or omission which could result in a professional liability claim against any lawyer to be covered in item 6, whether or not a claim has actually been made?*

Additionally, the Akron Board of Education claim, of which OBLIC had knowledge, was specifically excluded together with any other "Claim" rising out of acts, errors or omissions occurring prior to April 30, 2016.

On August 5, 2016, another IDEA case was filed against the firm, as well as Wallace and Bache, individually, by Nordonia Hills City School District Board of Education.  This claim was not reported to OBLIC until December 2016.  OBLIC forwarded a letter to Wallace & Bache, LLC, on December 20, 2016, denying a defense and coverage because: 1) The acts or omissions occurred prior to April 30, 2016 (specifically excluded); 2) Exclusion (n) (2) (cited above); and 3) they failed to disclose knowledge of this potential claim in their application for insurance (Nordonia Hills had filed a Petitioner's Notice of Intent to Seek Reimbursement of Costs on January 2, 2016).

On November 22, 2016, the Solon City School District Board of Education filed another IDEA case against Wallace & Bache, LLC, as well as Wallace and Bache

individually.  This claim was also reported to OBLIC in December 2016.  On December 19, 2016, OBLIC wrote a letter to Wallace & Bache, LLC, denying a defense and coverage for essentially the same reasons as stated in the Nordonia Hills' letter.

On March 16, 2017, Cleveland Heights-University Heights School District Board of Education filed an IDEA case against Wallace & Bache, LLC, as well as Wallace and Bache individually (student: H.S.).  OBLIC received notice of this case on April 13, 2017, and forwarded a letter to Wallace & Bache, LLC denying a defense and coverage for the reasons stated in prior denial letters.

On April 25, 2017, Cleveland Heights-University Heights School District Board of Education filed another IDEA case against Wallace & Bache, LLC, as well as Wallace and Bache individually (student: Burton).  OBLIC received his first notice of this case on June 22, 2017 and responded with a letter of the same date denying a defense and coverage for this claim for the same reasons previously stated.

Wallace & Bache, LLC, has, to date, not registered any objection or disagreement to the positions taken by OBLIC in the above enumerated claims.

## **LAW**

This Court has ordered a representative of OBLIC to be present at the September 12, 2017 Case Management Conference.  OBLIC is not a party to this case nor does it provide any insurance coverage for any of the claims made in this case.  This Court was not aware of all of the underlying facts regarding OBLIC's history on this claim with

Wallace and Bache.  It is OBLIC's hope that, once the Court is fully informed, the Court will reconsider its prior Order.

Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration and they are generally analyzed under the standards for a motion to alter or amend judgment, or a motion for relief from a judgment or order. *Broyles v. Texas* 643 F.Supp.2d 894 (2009); *Randolph v. Dimension Films et al.,* 634 F.Supp.2d 779 (2009).  Federal Rule of Civil Procedure 60 (b)(6) states:

> ***(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.*** *On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:*
> *…*
> ***(6)*** *any other reason that justifies relief.*

Non-parties can avail themselves of Rule 60 and have standing to invoke the rule governing relief from judgment, even though the rule would not ordinarily be available to non-parties to modify final judgments, where non-parties are sufficiently connected and identified with the suit.  *Dunlop v. Pan American World Airways, Inc.*, 672 F.2d 1044 (1982); *Grace v. Bank Leumi Trust Co. of NY*, 443 F.3d 180 (2006).

The insurance coverage issues involved here would be governed by Ohio law. Ohio law provides that an insurer need not defend claims that fall outside of any possible coverage provided by an insurance policy. *Zanco, Inc. v. Michigan Mutual Insurance Co.*, 11 Ohio St.3d 114 (1984); *Preferred Risk Ins. Co. v. Gill, et al.*, 30 Ohio St.3d 108 (1987); *Davis & Meyer Law, LTD., et al. v. Pronational Ins. Co., et al.,* (10th Dist., 2007) 2007 WL 2009666; and *Smith v. Ohio Bar Liab. Ins. Co.*, 2009-Ohio-6619; *Cardiothoracic &*

*Vascular Surgical Specialists, Inc. v. Travelers Indemn. Co.,* Franklin App. No. 05AP-1355, 2006-Ohio-6947.

OBLIC's policy of insurance on Wallace and Bache LLC (#F307703) (attachment B to Exhibit 1) States in Section III. DEFENSE AND SETTLEMENT, at page 4 of the policy:

> *However, the company shall not be required to defend any such **"Claim"** or suit arising solely out of an alleged act, error, or omission for which coverage is excluded by the terms, conditions and exclusions of the policy; …*

Thus, OBLIC is not obligated to defend any claim for which there is no coverage in the policy.

Another United States District Court, faced with a similar situation, decided that requiring the attendance of the insurers who were denying coverage at a mediation "would not appear to serve any practical purpose", while questioning whether it even had the authority to make such an order. *Booth v. Davis*, 2014 WL 4284925 (2014).

Now that OBLIC has been forced to file a Declaratory Judgment in State Court, where venue and jurisdiction are appropriate, it is respectfully suggested that this Court does not have any jurisdiction over any coverage disputes between OBLIC and Wallace and Bache.

Lastly, Wallace and Bache, LLC, entered into their policy of insurance with OBLIC with full knowledge that the OBLIC policy would not cover IDEA claims or any claims that arose other than the act, error, or omission prior to April 30, 2016. Bache had just received the February 29, 2016 letter from OBLIC

regarding the Akron Board of Education claim he had submitted, wherein it was explained in detail that these type of IDEA claims were excluded under OBLIC's policies, only a month before Bache and Wallace took out their initial policies with OBLIC on April 30, 2016.  They were also aware of other IDEA claims before this time, which they did not disclose. (*e.g.,* Nordonia Hills had filed a Petitioner's Notice of Intent to Seek Reimbursement of Costs on January 2, 2016).

## CONCLUSION

Therefore, OBLIC requests that this Honorable Court, having become more fully informed of the facts surrounding OBLIC's denial of coverage for Wallace and Bache, reconsider its Order of June 26, 2017 and relieve OBLIC of the obligation of attending the Case Management Conference scheduled for September 12, 2017.

Respectively Submitted,

/s/ Timothy D. Johnson
Timothy D. Johnson (0006686)
Gregory E. O'Brien (0037073)
Cavitch, Familo & Durkin Co. LPA
Twentieth Floor
1300 East Ninth Street
Cleveland, Ohio 44114
Telephone: 216-621-7860
Facsimile: 216-621-3415
E-mail: tjohnson@cavitch.com
Attorneys for Ohio Bar Liability
Insurance Company

## CERTIFICATE OF SERVICE

A copy of the foregoing **MOTION FOR RELIEF FROM COURT ORDER, PURSUANT TO F.R.C.P. 60(B)(6) OR, IN THE ALTERNATIVE, MOTION FOR RECONSIDERATION OF COURT'S ORDER OF JUNE 26, 2017** was served via the Court's Electronic Filing System on this 1st day of August, 2017 to all parties.

/s/Timothy D. Johnson
Timothy D. Johnson (0006686)
Attorney for Ohio Bar Liability Insurance Company