| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | |
| | ) | SS: | **AFFIDAVIT** |
| COUNTY OF FRANKLIN | ) | | |

I, Fredrick Hunker, being first duly sworn, depose and state the following:

1. I am currently the Vice President of Claims of Ohio Bar Liability Insurance Company (OBLIC);

2. OBLIC was formed by the Ohio State Bar Association in 1979 and has been insuring Ohio lawyers since that time;

3. OBLIC insured Daniel R. Bache prior to him joining the Rodrick Linton Belfence, LLP firm in 2015;

4. Bache's OBLIC coverage expired on March 22, 2015;

5. On February 26, 2016, Mr. Bache notified OBLIC of a claim against him by the Akron Board of Education to recover attorney's fees under 20 U.S.C. Section 1400, *et seq.*;

6. OBLIC forwarded Mr. Bache a letter dated February 29, 2016, advising Mr. Bache that they were denying the claim because he no longer had a policy of insurance in force with OBLIC (Attachment A);

7. Additionally, the letter explained to Mr. Bache that, even if the claim was reported during the policy period, the policy would not cover such a claim because the policy excludes coverage for any claim for money damages arising out of sanctions or any award of attorney fees imposed upon the insured (See Attachment A for quoted policy language);

8. In April 2016, Bache and Wallace left the Roderick Linton firm and began practicing as Wallace & Bache, LLC;

9. Bache and Wallace purchased individual policies with OBLIC, effective April 30, 2016;

10. In August 2016, Bache and Wallace applied for insurance as Wallace & Bache, LLC and have a policy with OBLIC effective August 9, 2016 and expiring on August 9, 2017 (Attachment B);

11. When applying for that "claims made" policy, they responded in the negative to the following question contained in the application (Attachment C):

> *21. Does any applicant know of any circumstances, act, error or omission which could result in a professional*

EXHIBIT 1

> *liability claim against any lawyer to be covered in item 6,*
> *whether or not a claim has actually been made?*

12. The policy, as issued, specifically excluded the Akron Board of Education case previously denied by OBLIC and any "Claim" arising out of acts, errors or omissions occurring prior to April 30, 2016 (Attachment B);

13. On August 5, 2016, another IDEA case was filed against Wallace & Bache, LLC (henceforth, reference to the firm will include Jason D. Wallace and Daniel R. Bache, individually as well) by the Nordonia Hills City School District Board of Education (5:16-CV-1973);

14. The Nordonia Hills case was not reported to OBLIC until December 2016, wherein OBLIC sent a letter on December 20, 2016 to Wallace & Bache, LLC (Attachment D) denying a defense and coverage for that case because the "act, error, omission" occurred prior to April 30, 2016, and, again, pointing out Exclusion (n)(2) regarding sanctions and awards of attorney fees;

15. Additionally, in OBLIC's December 20, 2016 letter, OBLIC pointed out that Nordonia Hills filed a Petitioner's Notice of Intent to Seek Reimbursement of Costs on January 2, 2016 and that Wallace & Bache, LLC failed to disclose that information in question #21 in the application for insurance;

16. On November 22, 2016, the Solon City School District Board of Education filed a similar IDEA case against Wallace & Bache, LLC (5:16-CV-2847);

17. This case was reported as a claim to OBLIC in December 2016 also, and OBLIC responded in a letter dated December 19, 2016 (Attachment E) denying coverage and a defense for essentially the same reasons stated in the above referenced OBLIC letter regarding the Nordonia Hills case;

18. On March 16, 2017, Cleveland Heights-University Heights School District Board of Education filed an IDEA case against Wallace & Bache, LLC (5:17-CV-553) (student: H.S.);

19. Notice of this case was received by OBLIC on April 13, 2017 and resulted in a letter from OBLIC to Wallace & Bache, LLC, dated April 14, 2017 (Attachment F), which denied coverage for the claim for the same reasons stated in OBLIC's prior denial letters;

20. On April 25, 2017, another IDEA case was filed against Wallace & Bache, LLC by Cleveland Heights-University Heights School District Board of Education (1:17-CV-883) (student: Burton);

21. OBLIC received first notice of this Complaint on June 22, 2017, wherein OBLIC responded with a letter dated June 22, 2017 (Attachment G), denying a defense and indemnification for this claim for the reasons stated in OBLIC's previous letters;

22. To my knowledge, up to the present time, Wallace & Bache, LLC has never expressed any disagreement with OBLIC's stated positions on these claims;

23. Since the Court is *sua sponte* raising the issue of whether OBLIC owes Wallace & Bache, LLC a defense in Case #5:17-CV-883 (and possibly other cases) in its recent letter, dated June 28, 2017, and in its Scheduling Order of June 26, 2017, OBLIC has filed a Complaint for Declaratory Judgment in Cuyahoga County Common Pleas Court, Case # 17 CV 883774, entitled Ohio Bar Liability Insurance Company vs. Wallace & Bache, LLC, *et al.*

24. The reason that OBLIC has Exclusion (n)(2), excluding coverage for "money damages for restitution, fines, penalties, sanctions or any award of attorney's fees...", is because payment of sanctions that are in the nature of punitive damages is against public policy and, if they were insurable, would destroy the concept of punishment behind the imposition of sanctions;

25. I have re-examined OBLIC's stated reasons for the denial of a defense and coverage to Wallace & Bache, LLC and I believe that those decisions are correct.

FURTHER AFFIANT SAYETH NAUGHT.

_____
FREDRICK HUNKER

SWORN TO AND SUBSCRIBED IN MY PRESENCE on this 1st day of August, 2017.

_____
NOTARY PUBLIC

Gretchen Koehler Mota, Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date
Sec. 147.03 R.C.