

**OBLIC**
OHIO BAR LIABILITY INSURANCE COMPANY  1650 Lake Shore Drive, Suite 285, Columbus, Ohio 43204-4894

June 22, 2017

**CONFIDENTIAL**

Wallace & Bache, LLC
270 S. Cleveland Massillon Rd.
Suite B
Fairlawn, Ohio 44333

RE: Policy No. F307703
Matter: Cleveland Heights-University Heights City School District Board of Education
U.S. District Court for Northern District of Ohio – Case No. 1:17-cv-00883

Dear Attorney Wallace and Attorney Bache:

This letter will confirm your report to OBLIC of the above-captioned lawsuit filed against you and your firm in the U.S. District Court for Northern District of Ohio. We received the first report of this complaint on June 22, 2017.

The current OBLIC policy referenced above contains an "Exclusion of Prior Acts Endorsement," a copy of which I have previously sent. The OBLIC policy "shall not apply to any "**Claim**" made and reported to the Company arising out of any act, error, omission or "**Personal Injury**" involving any of the below listed Insured(s) occurring prior to and/or between the periods indicated." Any act, error or omission on your part occurring prior to 04/30/2016 is not covered by the policy. The allegations of the Complaint refer to acts occurring before April 30, 2016, with exception to the post-hearing motions and appeal that ultimately affirmed decision on January 25, 2017 of the Independent Hearing Officer. We strongly suggest that this suit be reported to the liability insurer for Roderick, Linton Belfance LLP, or any other insurer that may provide coverage to you, as most insurers provide coverage to former lawyers while they were with the insured law firm. OBLIC is not the liability insurer for Roderick, Linton, Belfance, LLP. There are other coverage matters that we need to address, as well.

The OBLIC policy excludes coverage for any claim:

> [F]or money damages for restitution, fines, penalties, sanctions or any award of attorney fees imposed against any Insured, and/or any other person or entity under any one or more of the following: Rule 11 of the Federal Rules of Civil Procedure, Rule 11 of the Ohio Rules of Civil Procedure, Ohio Revised Code Section 2323.51 (the "frivolous conduct" statute), **or under any other federal, state or local statute or rules of procedure or common law designed to deter frivolous conduct by any party or attorney engaged in litigation.**

Exclusion (n)(2) of the policy (emphasis added). The Complaint asserts claims against you both and your firm solely based on 20 U.S.C. §1415(i)(3)(B)(i)(II & III):



OHIO BAR LIABILITY INSURANCE COMPANY — 1650 Lake Shore Drive, Suite 285, Columbus, Ohio 43204-4894

> In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs –
> (I) ...
> (II) to a prevailing party who is a State educational agency or local education agency against the attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable, or without foundation, or against the attorney of a parent who continued to litigate after the litigation clearly became frivolous, unreasonable, or without foundation; or
> (III) to a prevailing State education agency or local educational agency against the attorney of a parent, or against the parent, if the parent's complaint or subsequent cause of action was presented for any improper purpose, such as to harass, to cause unnecessary delay, or to needless increase the cost of litigation.

The above statute is not a general fee shifting statute but seeks to deter frivolous conduct against State educational agencies or local education agencies. The claims asserted by the Claimants fall squarely within Exclusion (n)(2) and as such, are not covered by your OBLIC policy.

The OBLIC policy "does not apply to any **"Claim"** arising out of an act, error, or omission occurring prior to the **"Effective Date"** of this policy if the Insured knew or could have reasonably foreseen prior to the **"Effective Date"** that such act, error, or omission might result in any **"Claim"** or suit." Exclusion (i)(1). The **"Effective Date"** is defined in **II. Definitions**, paragraph (e): "**'Effective Date'** as used in Exclusion (i) means the date which coverage became effective under the first policy issued by the Company, provided the same or substantially similar coverage has been in force continuously without interruption under this or any prior policies issued by the Company." The **"Effective Date"** is 04/30/2016; the effective coverage date for the first policies issued individually to Daniel Bache and Jason Wallace by OBLIC that provided the same or substantially similar coverage.

As stated in Claimants' Complaint, they placed you on notice of their intent seek reimbursement of costs and fees on or about February 25, 2015. Claimants provided notice at that time of the District's intent to seek fees pursuant to 20 U.S.C. §1415(i)(3)(B)(II & III). The Complaint also alleges that the Claimants advised throughout the litigation that they would be seeking fees and expenses under the above statute due to the frivolous conduct. Therefore, as early as February 25, 2015, you knew and could have reasonably foreseen that, prior to the **"Effective Date,"** that the action commenced against the Claimant would result in a **"Claim"** or suit for fees and costs.

Question number 21 of the most recent application asks, "Does any applicant know of any circumstance, act, error, or omission which could result in a professional liability claim against any attorney to be covered in Item 6, **whether or not a claim has actually been made?**" A similar claim asserted by Akron Public School Board of Education was reported on your application. OBLIC excluded coverage for that claim. It is OBLIC's position that the claim asserted by Cleveland Heights-University Heights City School District Board of Education

For Overnight Mail:
1650 Lake Shore Drive, Suite 285
Columbus, OH 43204-4894

800.227.4111
Fax: 614.488.7936

www.oblic.com



**OBLIC**
OHIO BAR LIABILITY INSURANCE COMPANY

1650 Lake Shore Drive, Suite 285, Columbus, Ohio 43204-4894

would have also have been specifically excluded had the application included the appropriate notice on question number 21.

For these reasons, OBLIC is not providing coverage or a defense to this Complaint. We strongly suggest that this suit be reported to any commercial liability or umbrella insurer, or any other insurer that may provide coverage to you

If you believe we have overlooked anything, or if the status of the litigation changes, please contact me for further discussion.

Sincerely,

Ohio Bar Liability Insurance Co.,
By Frederick Hunker, VP of Claims

For Overnight Mail:
1650 Lake Shore Drive, Suite 285
Columbus, OH 43204-4894

800.227.4111
Fax: 614.488.7936

www.oblic.com