

# Whose IDEA Is This?

## A Parent's Guide to the
## *Individuals with Disabilities Education Improvement Act of 2004 (IDEA)*

April 2, 2012



**Ohio** | **Department** of **Education**

John R. Kasich, *Governor*

**Stan Heffner,**
Superintendent of Public Instruction

**Office for Exceptional Children**
25 S. Front Street, 2nd Floor
Columbus, OH 43215-4183
(877) 644-6338
exceptionalchildren@education.ohio.gov
education.ohio.gov

# TABLE OF CONTENTS

INTRODUCTION..................................................................................................... 1

WHAT HAPPENS IF MY CHILD IS HAVING TROUBLE LEARNING IN SCHOOL? ..................... 2

STEPS TO GETTING SERVICES ................................................................. 3

ANSWERS TO FREQUENTLY ASKED QUESTIONS ............................................... 9

    REQUEST FOR ASSISTANCE ........................................................... 9

    REFERRAL ..................................................................................... 9

    NOTICES ..................................................................................... 10

    SURROGATE PARENTS.................................................................. 11

    CONSENT..................................................................................... 11

    EVALUATION ............................................................................... 14

    REEVALUATION........................................................................... 17

    INDEPENDENT EDUCATIONAL EVALUATION ................................ 18

    INDIVIDUALIZED EDUCATION PROGRAM (IEP) ........................... 19

    EXTENDED SCHOOL YEAR SERVICES........................................... 24

    STUDENT TRANSFER.................................................................... 24

    TRANSITION ............................................................................... 25

    RECORDS..................................................................................... 27

    HOW TO RESOLVE CONFLICTS AND CONCERNS ........................... 29

    MEDIATION.................................................................................. 31

    IEP FACILITATION ...................................................................... 33

    COMPLAINT PROCEDURES .......................................................... 33

    DUE PROCESS ............................................................................. 37

    DISCIPLINE ................................................................................. 46

    NONPUBLIC (PRIVATE) SCHOOLS................................................ 53

DEFINITIONS.................................................................................... 56

DISABILITY TERMS DEFINITIONS ..................................................... 62

FORMS FOR MEDIATION, COMPLAINTS AND DUE PROCESS................... 64

    DIRECT REQUEST FOR MEDIATION

    COMPLAINT FORM

    DUE PROCESS COMPLAINT AND REQUEST FOR A DUE PROCESS HEARING

    DUE PROCESS AND/OR COMPLAINT WITHDRAWAL FORM

## INTRODUCTION

If you are a parent of a child who has a disability that interferes with his or her education, or if your child is suspected of having such a disability, this handbook will serve as a valuable resource for your child's education.

*Whose IDEA Is This?* boils down language of the Individuals with Disabilities Education Improvement Act of 2004 (IDEA) to main points that will help you be an effective partner in your child's education. This guide has been prepared by the Ohio Department of Education's Office for Exceptional Children (ODE/OEC).

The following pages tell you how you can work with your local school district and other public agencies to determine whether your child has a disability. It also outlines steps for going on to determine whether that disability qualifies your child for special education and related services.

Also referred to as your "procedural safeguards notice," this publication explains your right to a "free appropriate public education" (FAPE) for a child with a qualifying disability under special education law. It tells you how special education services are provided and also lists resources you may contact for assistance.

Because the rights and procedures contained in this guide were first outlined in federal law, you may see legal terms that are new to you. To make the information easier to understand and use, we have simplified this legal language wherever possible. Whatever legal terms continue to be used are fully explained in the section of the guide titled "Definitions" and throughout the text whenever possible. Even so, you might want to spend a few minutes familiarizing yourself with these terms before you begin. You'll find them in the "Definitions" section that begins on page 56.

NOTE: This guide for parents summarizes the state's special education rules in Chapter 3301-51 of the Administrative Code, *Operating Standards for Ohio Educational Agencies Serving Children with Disabilities*. The guide does not include all provisions of the rules and does not provide legal advice or legal interpretations of the rules. Refer to the operating standards which are posted on the Ohio Department of Education's (ODE's) Web site, education.ohio.gov, keyword search: *Operating Standards Disabilities*, for the complete rules. Also consult with your attorney for legal advice or legal interpretations. The operating standards are based on state law (Chapter 3323 of the Revised Code), federal law (Individuals with Disabilities Education Improvement Act of 2004) and federal regulations (34 Code of Federal Regulations Part 300) for the education of children with disabilities. These resources are posted on edresourcesohio.org.

Copyright ODE April 2, 2012                                                                                    Page | 1

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

## WHAT HAPPENS IF MY CHILD IS HAVING TROUBLE LEARNING IN SCHOOL?

The Individuals with Disabilities Education Improvement Act of 2004, the federal law commonly referred to as IDEA, has established a process for determining your child's educational needs, determining whether or not your child has a disability, and obtaining special education services, if your child's disability requires them. Here is that process, in roughly the order it will be carried out:

1. **Request for assistance**—This step helps you begin a relationship with your school district so that together you can address any early warning signs that your child may have difficulty in school.

2. **Request for evaluation**—School districts have qualified personnel who have a lot of experience determining how well children learn and function in school. Because of this, they can bring valuable resources to the task of assessing your child.

3. **Evaluation**—This is the step that allows the school district to pinpoint whether your child has a disability that will require special education services (not all disabilities do). The evaluation will suggest what kinds of special education services your child will need or confirm that your child will be able to learn in a general education classroom with other students. You will be a partner in the evaluation process and a member of your child's evaluation team.

4. **Development of an individualized education program (IEP)**—If the evaluation reveals that your child has a disability that requires special education, this customized program will be designed to set goals for your child's learning and keep your child on track.

5. **Annual review**—Each year the public school district will review with you and the IEP team how well your child's IEP is working and will be prepared to adjust the plan to ensure that your child is making appropriate progress.

6. **Reevaluation**—The IDEA law provides for your child to be evaluated again every three years to detect any important changes in his or her ability to learn. This "reevaluation" also tells you and the school district whether the supports and services your child is receiving are the right ones. The school district can then act accordingly.

7. **Independent educational evaluation (IEE)**—If you do not agree that the school district's evaluation of your child is accurate, you can arrange an evaluation of your child by a qualified professional or professionals who are not employed by the school district. In certain cases, this can be done at the school district's expense.

Copyright ODE April 2, 2012                                                                 Page | 2

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

## STEPS TO GETTING SERVICES

The following tables offer a summary of the seven steps, listed on the previous page, to getting educational services for your child with a disability. You will find more detailed information on most of these steps in question and answer form in the "Answers to Frequently Asked Questions" section of this guide. Plan to take an active part in this process by asking questions, providing information and helping make decisions about your child's education.

| | PARENTS | SCHOOL DISTRICT |
|---|---|---|
| **REQUEST FOR ASSISTANCE** | ✱ Contacts the teacher to discuss any concerns that the child may have a disability.<br><br>✱ Provides information about the child that might be helpful.<br><br>✱ Asks the school district for help.<br><br>✱ Helps the district determine whether the child has a disability. | ✩ Contacts the parents for information if it suspects the child has a disability.<br><br>✩ Provides interventions (systematic assistance) to help the child learn and keeps a record of results.<br><br>✩ Contacts parents to participate in a meeting to decide if the child should be evaluated for special education services.<br><br>❏ Uses an "intervention assistance team" to suggest new teaching approaches and keeps a record of the results. (See "Definitions" section for *intervention assistance team*). |
| **REQUEST FOR EVALUATION** | ✱ Requests that your child be evaluated for a suspected disability either verbally or in writing. It is recommended that your request for an evaluation be in writing so that there is documentation of when the timelines for the school district's response began.<br><br>✱ Asks for information about parent support groups.<br><br>✱ Gives written consent (permission) for the child to be evaluated. *Giving consent means you have been fully informed of all necessary information regarding evaluation of your child.* When you give your consent for your child to be evaluated, you are *not* giving your consent for the school district to begin providing special education services to your child. | ✩ Starts the evaluation process.<br><br>✩ Contacts the parents, explains the request (referral) process and provides copy of *Whose IDEA Is This?*<br><br>✩ Gives parents a copy of a prior written notice. (The district sends this notice to parents before it proposes any action related to your child qualifying for or receiving special education services. The district also sends parents the prior written notice form when it refuses any action related to your child qualifying for or receiving special education services.) (See more details in the "Notices" section.)<br><br>✩ Asks the parents for written consent to evaluate the child if the district suspects a disability.<br><br>✩ Receives the parents' written consent for evaluation. |
| ✱parent's choice | ❏school district's choice | ✩school district requirement |

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

| | PARENTS | SCHOOL DISTRICT |
|---|---|---|
| **EVALUATION** | ✱ Participates in evaluation team activities, which include determining whether your child is eligible for special education services.<br><br>✱ Provides information for the evaluation process (such as medical, family and educational history and your view of your child's strengths and needs). | ✰ Contacts the parents to participate in the evaluation process.<br><br>✰ Works with the parents to develop an evaluation plan that will be summarized in an evaluation team report.<br><br>✰ Provides the parents with prior written notice that includes a description of the planned evaluation.<br><br>✰ Collects information about the child from parents, teachers and others.<br><br>✰ Completes the evaluation within 60 days of receiving a parent's consent to evaluate.<br><br>✰ Conducts an evaluation team meeting to which the parents have been invited.<br><br>✰ Summarizes and interprets the evaluation results.<br><br>✰ Determines the child's eligibility for special education services. If your child is eligible, the IEP will be completed within 120 days of the referral for evaluation or within 90 days of your signed consent. The meeting participants become known as the "IEP team" (see "Definitions").<br><br>✰ Provides the parents with a copy of the evaluation team report within 14 days of the evaluation team meeting or before the IEP team meeting, whichever comes first. |
| | If your child is determined **not eligible** for special education and related services and you disagree, you may:<br><br>✱ Request an independent educational evaluation (this is an evaluation by someone not employed by the school district; for more detail see "Definitions").<br><br>✱ Request a due process hearing (This is a form of hearing to resolve the disagreement. For more details see "Definitions.") | If your child is **not eligible** for special education services, the school district:<br><br>✰ Provides the parents with a copy of the evaluation team report.<br><br>✰ Determines other appropriate changes and "interventions" (forms of assistance) to help the child.<br><br>✰ Considers whether your child is eligible for services under another federal law, Section 504 of the Rehabilitation Act of 1973. |
| ✱parent's choice | ❑school district's choice | ✰school district requirement |

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

|  | **PARENTS** | **SCHOOL DISTRICT** |
|---|---|---|
| **BEFORE THE IEP MEETING** | ✱ Requests a copy of the district's suggestions for the IEP.<br><br>✱ If desired, asks a family member, friend or advocate to attend the meeting with you.<br><br>✱ If needed, invites one or more individuals who have special expertise or knowledge of your child to attend the meeting with you.<br><br>✱ Prepares any concerns, questions or suggestions regarding the IEP in writing and shares them with the school district before the IEP meeting. | ★ Notifies the parents and/or student of the IEP meeting and who will attend. (See the "Notices" section for details.)<br><br>★ Determines a time and place for the meeting that is agreed upon by all.<br><br>❑ Prepares and shares with the parents, in advance, any written concerns, questions and suggestions for the IEP.<br><br>★ Invites your child to the IEP meeting, when appropriate, and always when your child's transition from high school is being discussed. (See "Definitions" for *transition*.) |
| **DURING THE INITIAL IEP MEETING** | ✱ Participates in IEP meeting activities including:<br>• Sharing information about your child's strengths and needs;<br>• Helping to develop annual goals, and short-term objectives; or benchmarks that can be measured; and<br>• Determining with the school district the appropriate special education and related services your child will receive.<br><br>✱ Gives consent for your child to receive special education and related services that enable the child to participate and progress in the general curriculum (meaning what students in a given grade generally study), or denies such consent.<br>• If you refuse consent for your child to receive special education and related services, the district does not have to provide a "free appropriate public education," and your child has none of the protections of IDEA (See "Definitions" for *free appropriate public education*).<br>• On an *initial IEP only*, you have the option of refusing your consent for one or more specific services. | ★ With the parents, reviews the evaluation results and the question of whether your child is eligible.<br><br>★ If your child is eligible, develops an IEP that outlines:<br>• Your child's strengths and needs;<br>• Measurable annual goals and short-term objectives or benchmarks;<br>• Appropriate special education and related services for your child to be involved and progress in the general curriculum; and<br>• Other considerations based on your child's needs.<br><br>★ Provides the parents with prior written notice of the school district's intent to provide special education services.<br><br>★ Gives the parents a final copy of the IEP no later than 30 days after the IEP meeting.<br><br>★ Ensures that your child's IEP is accessible to each regular education teacher, special education teacher and any other service provider who is responsible for teaching your child. |
| ✱ parent's choice | ❑ school district's choice | ★ school district requirement |

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

| | PARENTS | SCHOOL DISTRICT |
|---|---|---|
| **ANNUAL REVIEW** | ✱ Requests a copy of the district's suggestions for the IEP.<br><br>✱ Gathers the child's school papers and other information that may be helpful at the meeting.<br><br>✱ Brings one or more support persons to meeting, if desired.<br><br>✱ Reviews the current IEP.<br><br>✱ Prepares and shares with the school district, in advance, written concerns, questions and suggestions for the IEP.<br><br>✱ If you disagree with your child's IEP, you may use the conflict resolution procedures to attempt to resolve the disagreement.<br><br>❏ Gives written consent if your child is to be moved to a new location for special education or related services. Your permission is not required if your child is being moved because he or she is being disciplined for breaking school rules and the move is part of the school district's discipline. | ✰ Contacts the parents to participate in the annual review in the same manner as the initial (first) IEP meeting.<br><br>✰ Gathers information on your child's progress.<br><br>❏ Prepares and shares with the parents in advance, written concerns, questions and suggestions for the IEP.<br><br>✰ At the meeting, reviews the current IEP and revises it, if appropriate.<br><br>✰ If, after the IEP meeting, everyone does not agree to everything that is on the IEP, provides the parents with prior written notice of the annual review.<br><br>✰ Gives the parents a final copy of your child's IEP no later than 30 days after the meeting.<br><br>✰ Ensures that your child's IEP is accessible to each regular education teacher, special education teacher, related services provider and any other service provider who is responsible for teaching your child. |
| ✱parent's choice | ❏school district's choice | ✰school district requirement |

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

| | **PARENTS** | **SCHOOL DISTRICT** |
|---|---|---|
| **REEVALUATION** | ✳ Participates in the review of existing information about your child.<br><br>✳ Participates in the reevaluation process.<br><br>✳ May request additional assessment. Assessment consists of activities at various stages to measure your child's performance, progress, disability or eligibility. (See "Definitions" for more details on assessments.)<br><br>✳ Gives written consent or denies consent for additional assessment.<br><br>✳ Helps determine whether the child continues to be eligible for special education services.<br><br>✳ Requests an evaluation sooner than the usual time period of three years if there is a change in your child's needs. | ✩ Invites the parents to participate in the reevaluation process.<br><br>✩ Explains the reevaluation process, including the parents' right to additional assessment to determine if your child continues to be eligible.<br><br>✩ Provides the parents with prior written notice of your child's reevaluation.<br><br>✩ Gets your written consent for reevaluation if additional assessments are necessary, or if you request them.<br><br>✩ Gives the parents information about staff members who will perform the child's evaluation and the kinds of assessments, if any, to be used in the reevaluation.<br><br>✩ Conducts an IEP team meeting to which the parents have been invited.<br><br>✩ Offers the parents the chance to help determine whether the child continues to be eligible for special education and related services.<br><br>✩ Provides the parents with a copy of the evaluation team report within 14 days of the parents' meeting with the school district to discuss the report. |
| ✳ parent's choice | ❑ school district's choice | ✩ school district requirement |

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

|  | PARENTS | SCHOOL DISTRICT |
|---|---|---|
| **INDEPENDENT EDUCATION EVALUATION** | ✱ Informs the school of any disagreement with the district's evaluation.<br><br>✱ May request a list of independent evaluators and the school district's criteria (requirements) for independent educational evaluations. These requirements include things such as the location and cost of the evaluation and the training and qualifications of the person who does the evaluation.<br><br>✱ May get an independent educational evaluation of your child at public expense unless the school district files a due process complaint to show that its own evaluation is appropriate. A due process complaint is a complaint related to the child's qualifying for special education services or receiving special education services. (See "Definitions" for *due process complaint and hearing*). | ★ Informs the parents of the right to an independent educational evaluation if the parents disagree with the school district's evaluation.<br><br>❑ Asks for the parents' reason for objecting to the district's evaluation. (You are not required to respond to this request.)<br><br>★ Provides information about where an independent educational evaluation may be obtained.<br><br>★ Provides for the independent educational evaluation, or instead provides the parents with prior written notice. This notice informs the parents that the district is requesting a due process hearing because the school district believes its evaluation is accurate. |
| | ✱ parent's choice | ❑ school district's choice |  ★ school district requirement |

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

# ANSWERS TO FREQUENTLY ASKED QUESTIONS

## REQUEST FOR ASSISTANCE

***What should I do if my child is having difficulty learning in school?***

You may:

o Contact the teacher to discuss your concerns and provide information that might be helpful;

o Ask for assistance; and

o Attend a meeting to help determine if your child is suspected of having a disability.

***What if the teacher reports that my child is having difficulty learning in school?***

The school district may:

o Contact you for information;

o Attempt different strategies for teaching your child and document the results;

o Use an intervention assistance team to generate additional ideas for teaching your child and make a record of the results; and/or

o Contact you to participate in a meeting to determine if your child is suspected of having a disability.

> At any time you suspect your child has a disability, you may request that your child be evaluated. This request for evaluation is called a "referral."
>
> Evaluation consists of a variety of means to gather information about how your child is developing and how your child learns and functions.

## REFERRAL

***Who can make a referral (request for evaluation)?***

If you or someone else thinks your child may have a disability and may need special education and related services, a referral for evaluation may be made by:

o You, the parent;

o School staff; or

o The Ohio Department of Education or another public agency.

*If you, the parent, make the referral:*

o You may request that your child be evaluated for a suspected disability either verbally or in writing. It is recommended that your request for an evaluation be in writing so that there is documentation of when the timelines for the school district's response began.

*If school staff, the Ohio Department of Education or another public agency make the referral:*

o Someone from the school district will contact you.

*After a referral is made and before the evaluation begins:*

o You must be given "prior written notice," within 30 days of the date of referral. Prior written notice tells you that the school district is either proposing to take some action related to the question of your child qualifying for or receiving special education services; or that the school district is refusing to take any action related to this question, and in both cases explain the district's decision.

o If the school district suspects your child may have a disability and needs an evaluation, the district must get your consent in writing to evaluate your child.

o If you refuse to give your consent for your child to be evaluated, the school district may use "mediation" or "due process" procedures to receive approval to evaluate your child. (See explanations of these terms in the "Definitions" section.)

Requirements for a child to be eligible for special education and related services have been established for each of the disabilities recognized in federal and state law. The disabilities are defined in the section of this document titled, "Definitions of Disability Terms."

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

# NOTICES

### What is the procedural safeguards notice?

The law requires that a "procedural safeguards notice" be given to parents at certain times. This notice outlines your rights to a free appropriate public education for your child who has a disability and guides you in exercising those rights. The guide you are holding, *Whose IDEA Is This?*, serves as the procedural safeguards notice. This guide also contains sources for you to contact for assistance. (Also see the section "How to Resolve Conflicts or Concerns.")

### When must the school district provide me with the procedural safeguards notice?

The school district must give you a copy of *Whose IDEA Is This?* only one time a year. You must be offered an additional copy in each of the following circumstances:

o Upon first, often called "initial," referral or your request for evaluation;

o The first time in a school year when you file a complaint with the Ohio Department of Education (See the "Complaints" section);

o Upon filing your first due process complaint in a school year;

o Upon a change in your child's educational location (often called your child's "placement,") because of disciplinary action against your child; and

o Upon your request.

A school district may place a current copy of *Whose IDEA Is This?* on its Web site. But the school district must continue to provide parents a printed copy of the procedural safeguards notice at the times listed above.

### What is prior written notice?

You should receive information, in writing, within a reasonable time before the school district proposes any action related to your child qualifying for special education services and receiving special education services. You also will receive information in writing when the district *refuses* to take any action related to your child qualifying for special education services

and receiving special education services. This information is called prior written notice.

The school district must also give you prior written notice:

o Within 30 days of the date of referral; or

o Before changing your child's placement because of a disciplinary action.

Your child's IEP will serve as the prior written notice unless you disagree with the IEP. If you disagree with the IEP, the school district must give you separate prior written notice before your child's IEP is implemented.

The prior written notice must:

o Describe the action the school district is proposing or refusing to take;

o Explain why the district or agency is proposing or refusing to take action;

o Describe other options that the IEP team considered and the reasons why those options were rejected;

o Provide a description of each evaluation procedure, assessment, record or report the school district used to make its decision;

o Provide a description of other factors that led to the school district's decision;

o Include information saying that the parents' rights are protected by procedural safeguards. (If this prior written notice is not the first referral for evaluation of your child, the school district is not required to provide you with an additional copy of the procedural safeguards notice, *Whose IDEA is This?;* however, the district will tell you how to get a copy of the guide); and

o Identify sources you can contact to help you understand your prior written notice rights.

Prior written notice to parents must be written in language understandable to the general public. The district must provide the notice in your native language or other mode of communication you use, unless it is clearly not practical to do so. If your native language or other mode of communication is not a written language, the school district must take steps to have the notice translated verbally or by other means so that you understand the notice. The

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

school district must keep a written record that it has taken these actions.

If you disagree with the school district regarding any of the information in the prior written notice, see the section "How to Resolve Conflicts or Concerns" for guidance.

### May I choose to receive any required notices from the school district by e-mail?

Yes, you may choose to receive required notices by e-mail if the school district makes that option available.

## SURROGATE PARENTS

### What is a surrogate parent?

A surrogate parent is an individual who may represent a child with a disability in all matters related to qualifying for special education services and receiving special education services.

The school district where you live appoints a surrogate parent whenever any of the following occur:

o The parent cannot be identified;

o The school district, after reasonable efforts, cannot locate the parent;

o The child is an unaccompanied homeless youth; or

o The child is a ward of the state.

NOTE: The surrogate parent for a child who is a ward of the state may be appointed by the judge overseeing the child's care instead of the school district, as long as the surrogate parent meets the requirements described in the first and fourth bullets in the following list:

A surrogate parent must be someone who:

o Is not an employee of the school district, the Ohio Department of Education or any other agency involved in the education or care of the child, including public children's service agencies. (There are certain exceptions to this requirement when temporary surrogate parents are appointed for an unaccompanied homeless youth.);

o Has no personal or professional interest that conflicts with the interests of the child being represented;

o Has the knowledge and skills to adequately represent the child; and

o Has successfully completed state-approved training to be a surrogate parent.

A child who has reached 18 years old may request a surrogate parent.

A surrogate parent may represent the child in all matters related to qualifying for special education services and getting special education services. A surrogate parent must be assigned as soon as possible, but no later than 30 days from the date it is determined that the child needs a surrogate parent.

The school district where the child attends school if different from where the child lives, the county board of developmental disabilities or another educational agency may appoint the surrogate parent if the school district where you live requests it and the parties all agree.

## CONSENT

### What does consent mean?

Consent means:

o You have been fully informed of **all** information necessary to make a decision about a proposed activity. This information must be provided in your native language or other mode of communication you use;

o You understand and agree in writing to the proposed activity. The consent you sign must describe the proposed activity and list any records on your child that will be released. It must also list who will receive these records;

o You understand that giving your consent is voluntary and that you may revoke your consent at any time; and

o You understand that if you revoke your consent, that revocation does not overturn an action that occurred after you gave consent but before you withdrew consent.

### When must the school district get my written consent?

The school district must make reasonable efforts to get your consent:

o Before a first evaluation begins;

o Before special education and related services are provided for the first time;

o Before a reevaluation begins, if new testing will be done as part of the evaluation; and

o Before there is a change in location of services (for details see *Continuum of Alternative Placement Options* in the "Definitions" section). There is an exception: the district is not required to get your consent if your child is being moved from his or her current location for disciplinary reasons (see the "Discipline" section).

The school district must keep a record of its attempts to get your consent.

When you give your consent for a first evaluation of your child, you are *not* giving your consent for the district to begin providing special education and related services to your child.

### What happens if I do not consent to the first evaluation of my child?

The school district must make reasonable efforts to get your consent for a first evaluation to determine whether your "child is a child with a disability." ("Child is a child with a disability" is legal language that simply means a child has a disability that causes him or her to need special education services in order to learn. Not all children with disabilities need or qualify for special education and related services.)

 If you do not give consent for a first evaluation of your child or you do not respond to a request to give consent, the school district may:

o File a "due process hearing complaint" against you. (See the "Definitions" section);

o Request that you come to a mediation hearing with the school district offered by the Ohio Department of Education. The purpose of the mediation is for the school district and you to come to agreement on what needs to happen to help your child learn; or

o Decide not to pursue the evaluation. In this case, the district may consider your child not eligible for special education and related services.

### What happens if I do not consent to having the school district or other public agencies provide special education and related services for my child?

If the first evaluation shows that your child is a child with a disability, the district will talk with you about providing special education and related services to your child. The school district must make reasonable efforts to get your consent to provide those special education and related services.

If you do not respond, or if you refuse at this stage to give consent for the district to provide special education and related services to your child, the school district may not file a due process hearing complaint against you. The district also may not ask you to participate with the school district in state-level mediation to get your agreement to provide special education and related services.

If you refuse to consent to the district providing special education and related services, or if you do not respond to a request to provide your consent, the school district is not required to provide your child with free appropriate public education. The district also is not required to provide your child with an IEP. Furthermore:

o The school district is not violating the requirement to make a free appropriate public education available to your child if it does not provide your child with special education and related services; and

o The school district is not required to call an IEP team meeting or develop an IEP for your child for the special education and related services.

### What happens if I refuse to consent to one service or activity but agree to some of the other services on the initial IEP?

A school district or other public agency may not use your refusal to give consent to one service or activity to deny you or your child any other services or activities your child qualifies for.

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

On an *initial IEP only*, you have the option to refuse to consent to one or more specific services, and your child will be provided with the other services on the IEP.

**What happens if I do not wish to consent to a specific service or activity during an annual review of my child's IEP?**

For all IEPs after the initial IEP, if you do not agree that a specific service should be provided that disagreement must be resolved using conflict resolution procedures.

**What if I change my mind and want to revoke my consent for special education and related services?**

You may revoke your consent for and remove your child from all special education and related services. The revocation of consent must be in writing. Once the school district receives your written revocation of consent the following things will happen:

o The school district will continue to implement your child's IEP as written until the school district provides you with a prior written notice;

o The prior written notice will include the following information:
  • A summary of the educational needs of the child;
  • A summary of all of the supports and services the child will no longer receive; and
  • The fact that none of the rights and protections provided to children with disabilities will be provided to the child once they are exited from special education;

o Once the school district provides you with a prior written notice the school district will no longer implement your child's IEP and will treat your child as any child without a disability. This means:
  • The school district will not do a three year reevaluation;
  • The school district will not hold any more IEP meetings; and

  • Your child will be treated as a regular education student for all purposes, including discipline and testing.

If you decide to revoke your consent you may not revoke consent for part of your child's IEP. You must revoke consent for the entire IEP. If you only disagree with a part of your child's IEP, then you follow conflict resolution procedures to resolve the disagreement. (See "How to Resolve Conflicts and Concerns.")

**If I revoke consent for special education and related services will my child still be entitled to receive a "free appropriate public education" (FAPE)?**

No. The school district will treat your child just as they would treat any child without a disability and will not be liable for providing your child with a "free appropriate public education."

**If I revoke my consent will the school district remove all references of my child having received special education and related services from my child's education records?**

No. The school district is not required to amend your child's records to remove any references to the child's receipt of special education and related services because of your revocation of consent.

**Once I revoke my consent can I change my mind and request special education and related services?**

Yes. If you change your mind, your child will be treated as an initial referral for special education and related services. The district will seek your consent to perform an initial evaluation and will conduct an initial evaluation prior to providing your child with services.

**What happens if I do not give consent for a reevaluation of my child?**

The school district responsible for making a free appropriate public education available to your child with a disability also must make reasonable efforts to obtain your consent when your child needs a reevaluation. (This concept is more fully explained in the "Reevaluation" section.)

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

If you do not respond or if you refuse to give consent for your child to be reevaluated, the school district may either:

o Go ahead with the reevaluation by reviewing information the school district already has for your child, and not do any new testing;

o Ask that you come to mediation with a state-appointed mediator to try to resolve the issue;

o Request a due process hearing where a hearing officer would determine whether your child needs to be reevaluated; or

o Decide not to pursue the reevaluation. In this case the district may consider your child to be not eligible for services.

### What are the requirements to get consent for wards of the state?

*For first evaluations only:* If the child is a ward of the state and is not living with the parents, the school district is not required to get consent from the parents for a first evaluation to determine whether the child is a child with a disability, if:

o After reasonable efforts, the school district cannot find the child's parents;

o The rights of the child's parents have been taken away according to state law;

o According to state law, a judge has taken away the parent's rights to make educational decisions for the child and given the right of consent for evaluation to another individual.

### When in the evaluation or reevaluation process is my consent **not** *needed?*

Your consent is not required:

o When the school district is reviewing information it has already gathered as part of an evaluation or reevaluaton; or

o When the school district is giving a test or evaluation to all children, unless consent is being required for everyone.

### What happens if I home school my child or have placed my child in a private school at my own expense, and then I:
• *Do not give consent for a first evaluation or reevaluation of my child; or*
• *Do not respond to a request to give consent?*

If you home school your child or have placed your child in a private school at your expense, the school district:

o Must make reasonable efforts to get your consent and must keep a record of its attempts to get your consent;

o May not file a due process hearing complaint against you or ask you to join the school district in state-coordinated mediation to get your agreement that your child will be evaluated or reevaluated;

o Is not required to consider your child to be eligible for services;

## EVALUATION

### What is an evaluation?

An evaluation is a process used to gather information that will help determine whether your child is a child with a disability. It also will help determine your child's educational needs.

The reason for evaluating your child is to:

o Get a complete picture of your child's abilities as a starting point for planning educational services. This includes a picture of how your child is performing academically and how your child is developing;

o Make recommendations about ways to meet your child's educational needs; and

o Determine whether your child needs special education and related services.

### Who may ask for a first evaluation to determine if my child is a child with a disability?

You the parent, the Ohio Department of Education or another public agency may ask for a first evaluation to determine if your child is a child with a disability.

Within 30 days of receiving a request for a first evaluation, the school district of residence will either:

o Get your consent for a first evaluation; or

o Send you prior written notice saying the school district does not suspect that your child has a disability and will not be conducting an evaluation.

Copyright ODE April 2, 2012

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

**When does my child need an evaluation?**

Your child needs an evaluation when the school district of residence suspects that your child has a disability.

If your child is already receiving special education and related services, the district does a reevaluation to make sure that your child is still eligible for special education and related services and to determine if the services your child is now receiving are appropriate.

**What are the steps to completing an evaluation?**

The school district will get your consent to do the evaluation, and the evaluation will be completed no more than 60 calendar days from the day you give the school district your consent.

First, you and the school district will develop an evaluation plan and then the school district will obtain your consent to carry out the plan.

Your child's evaluation must:

o Use a variety of assessment methods and activities to gather information about how your child is developing, learning and functioning. One of these methods will be to use information provided by you;

o Not use any one measure or assessment as the single reason for determining whether your child is a child with a disability and for determining a proper educational program for your child;

o Use reliable tests and assessments that show how much your child's intellect, behavior, physical state and level of development each contribute to your child's disability;

o Use assessment tools that are in your child's native language or other mode of communication and that are given in the form most likely to give accurate information about how your child is developing, learning and functioning (unless it is clearly not practical to do so);

o Use assessment tools that are unbiased: in other words, given in such a way that they do not discriminate against your child, regardless of your child's cultural background, race or disability;

o Use background information provided by you the parent. This may include any reports from professionals outside the school district;

o Gather information useful in helping your child progress in the general curriculum, or for preschool children, to participate in typical activities for that age group;

o Include materials that are intended to show specific educational needs, not simply to measure intelligence;

o Use tests and assessments only for the purposes they are designed and considered reliable for; and

o Include tests and assessments given by a trained professional using instructions provided by the tests' creators.

The evaluation must assess all of the areas related to your child's suspected disability, including, if appropriate, the following:

o Health;

o Vision;

o Hearing;

o Social and emotional development;

o General intelligence;

o Academic performance;

o Communication abilities (listening, speaking and writing);

o Motor abilities (abilities requiring movement and coordination); or

o Aptitudes, achievement level, or other factors when your child has limitations that affect the senses, coordination or speaking.

You also may request that other areas be assessed as part of your child's evaluation.

All parts of the evaluation that you and the school district have agreed to in the evaluation plan, including medical evaluations, are provided by the school district at no cost to you. If you and the school district cannot agree on all parts of the evaluation plan, you may begin taking steps to resolve the conflict with the school district. (See the section "Resolving Conflicts and Concerns.")

Copyright ODE April 2, 2012

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

Page | 15

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

### What happens when the evaluation is completed?

When all parts of the evaluation have been completed, the IEP team and other qualified professionals, when appropriate, must:

o Review the evaluation results; and

o Prepare an evaluation team report. The report must summarize the information gathered during the evaluation process.

A group of qualified professionals and you, the parent, will determine if your child is a child with a disability.

If the group determines that your child is a child with a disability, the IEP team will develop an IEP for your child.

### If my child has trouble with reading or math, is my child considered to be a child with a disability?

The group will not consider your child to be a child with a disability if the only reason your child is struggling is that the child:

o Has not had appropriate basic instruction in reading;

o Has not had appropriate mathematics instruction; or

o Has limited ability to use the English language. This also is called "limited English proficiency" (LEP).

### How will the group determine whether my child has a specific learning disability?

When determining whether your child has a specific learning disability, the group:

o May use a process based on your child's response to certain ways of teaching shown by research to be successful with children at your child's age and grade level;

o May use other procedures that research has shown to be successful; and

o Is not required to take into consideration whether there is a severe difference between your child's intelligence and achievement in speaking thoughts, writing thoughts, reading, understanding what is heard and read and solving mathematical problems.

### What is the timeframe for determining if my child is a child with a disability?

*First evaluation*: The first evaluation must:

o Be conducted within 60 days of receiving your informed written consent for the evaluation; and

o Consist of activities to determine if your child is a child with a disability and to determine your child's educational needs.

EXCEPTION: The first evaluation is not required to be completed within 60 days if:

o You repeatedly do not bring your child for the evaluation; or

o Your child enrolls in a new school district of residence within 60 days after you have given your consent and your child's previous school district has not yet determined whether your child is a child with a disability. This will happen only if:

• The new school district is making acceptable progress toward completing the evaluation; and

• You and the new school district agree to a specific time when the evaluation will be completed.

Refer to the "Transfers" section for additional information.

*Screening*: The simple screening of a student by a teacher or specialist to determine proper strategies for teaching your child the curriculum will not be considered an evaluation to determine whether your child is eligible for special education and related services.

*Evaluation Team Report*: The school district will provide you with a copy of the evaluation team report before the IEP meeting, but no more than 14 days from the date your child is found to be eligible (See "Definitions" for *evaluation team report*).

Copyright ODE April 2, 2012

Page | 16

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

# REEVALUATION

## *What is the purpose of a reevaluation?*

The purpose of a reevaluation is to determine if your child continues to have a disability and to determine the educational needs of your child.

Information that is gathered will be reviewed and used to decide:
o If your child continues to need special education and related services; and
o If any additions or changes are needed to the special education and related services to enable your child to:
  • Meet the measurable annual goals set out in the IEP; and
  • Participate in the general education curriculum, when appropriate.

## *When must a reevaluation be done?*

A reevaluation must be conducted:
o If the school district determines that your child's educational or related services call for a reevaluation;
o If you or your child's teacher request a reevaluation;
o When your child moves from preschool special education services to school-age special education services;
o To make a change in your child's disability category; or
o Before determining that your child is no longer a child with a disability.

NOTE: A reevaluation is not required if your child's eligibility is ended due to graduation from high school with a regular diploma, or due to your child reaching the age of 22.

A reevaluation:
o Cannot be requested by you more than once a year, unless you and the school district agree to one; and
o Must be done at least once every three years, unless you and the school district agree that a reevaluation is not necessary.

## *What happens when it is time to reevaluate my child for special education services?*

The school district will:
o Invite you to participate in the reevaluation process;
o Explain the reevaluation process, including your right to request an assessment to determine whether your child continues to be a child with a disability and to determine your child's educational needs;
o Provide you with prior written notice; and
o Get your written consent if new assessments are necessary or if you requested them.

The reevaluation process, including new tests or assessments, may move forward if the school district shows and keeps records of reasonable efforts to get your consent and you do not respond. This includes telephone calls, written notice or visits to your home.

## *What happens during a reevaluation?*

During a reevaluation the IEP team (which includes you) and other qualified professionals, whenever it is appropriate, reviews information from your child's prior evaluation and:
o Determines if and what additional assessments and information (provided by the school district) are needed to determine if your child is still eligible and if your child needs a change in services; or
o Determines that no additional information is needed for your child to continue to be eligible, and the district has enough information to determine what services your child needs. If the team determines that no additional information is necessary for a reevaluation, you will receive prior written notice from the district telling you the reasons why no further information is needed and that your child continues to be eligible for special education and related services.

If the IEP team and other qualified professionals determine that no additional information is needed, the district must let you know that you have a right to request an assessment to determine whether your child continues to be a child with a disability and to determine your child's educational needs.

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

*What if I disagree with the school district's evaluation?*

If you disagree with the school district's evaluation, you may:

o Request an independent educational evaluation (IEE); or

o Take steps to resolve the disagreement with the school district. (See the section "Resolving Conflicts and Concerns.")

## INDEPENDENT EDUCATIONAL EVALUATION

*What is an independent educational evaluation?*

An independent educational evaluation (IEE) is an evaluation conducted by a qualified examiner who is not employed by your child's school district.

If you disagree with the school district's evaluation of your child, under certain conditions you can obtain an independent educational evaluation of your child at public expense (meaning at no cost to you).

*What conditions must be met for my child to have an independent educational evaluation at public expense?*

You can get an independent educational evaluation of your child at public expense when you disagree with the district's evaluation. When you request an independent educational evaluation, your school district may provide you with a list of criteria that apply to evaluations, including qualifications of evaluators, geographic limitations and reasonable cost containment criteria. In order to have the district pay for the independent educational education, you must either follow these criteria or demonstrate that unique circumstances are present and that these criteria should not apply. The school district may not place any other limitations on the conduct of the individual educational evaluation at public expense. The tests and assessments that can be conducted as part of an independent educational evaluation are determined by the requirements that govern the conduct of evaluations by the district.

*How can I get an independent educational evaluation?*

At your request, the school district must provide you with information about where you can get an independent educational evaluation for your child and the school district's requirements for conducting an independent educational evaluation at public expense.

You may either use an evaluator from a list kept by the district or choose your own evaluator who meets the district's requirements.

*How many independent educational evaluations may I get?*

You are entitled to only one independent educational evaluation at public expense each time the district conducts an evaluation with which you disagree.

*Do I have to explain why I am requesting an independent educational evaluation?*

If you request an independent educational evaluation, the school district may ask you to tell the reason you object to the district's evaluation. You are not required to explain, if you do not wish to.

*What will happen if I request an independent educational evaluation?*

If you request an independent educational evaluation at public expense, the school district of residence must, without unnecessary delay, either:

o Provide an independent educational evaluation for your child at public expense; or

o File a due process complaint to request a hearing to show that the district's evaluation is correct.

*What will happen if I don't tell the district I am getting an independent educational evaluation for my child, but just tell them I disagree with the district's evaluation?*

As long as the independent educational evaluation that you get meets the district's requirements for independent educational evaluations, the district, upon receiving a copy of the evaluation, will either:

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

o Pay the cost of the independent educational evaluation; or

o File a due process request for a hearing to show that the independent evaluator you chose does not meet the district's requirements or to show that the district's evaluation is correct.

### Can anyone else request an independent educational evaluation?

Yes, if you request a due process hearing because you disagree with the school district's evaluation, the hearing officer may ask for an independent educational evaluation as part of the hearing. In this case, the independent educational evaluation must be done at public expense.

### What if the due process hearing officer determines that the school district's evaluation is appropriate?

If the hearing officer decides the district's evaluation is correct or appropriate, you still have the right to an independent educational evaluation at *your own* expense.

### Will the school district consider an independent educational evaluation I've gotten for my child?

If you get an independent educational evaluation at public expense or if you share with the school district an evaluation you obtained at your own expense, the results of the independent educational evaluation:

o Must be considered by the school district, if it meets district requirements, in any decision it makes related to providing a free appropriate public education for your child; and

o May be presented by any party as evidence in a due process hearing regarding your child.

## INDIVIDUALIZED EDUCATION PROGRAM (IEP)

### What is an IEP?

An IEP is a written statement for a child with a disability that outlines the educational goals and objectives your child will work on in the coming year. It also outlines the supports and services your child needs to meet the goals stated in the IEP.

Federal and state regulations require that the IEP be developed, reviewed and revised in a meeting of qualified individuals that include you, the parent.

### When must the IEP meeting take place?

A meeting to develop an IEP must be conducted within 30 days of a decision that the child needs special education and related services. The IEP must be put into action as soon as possible following the IEP meeting.

### When must the IEP be completed and in effect?

o The initial (first or original) IEP must be developed within whichever of these time periods is the shortest:

• 30 calendar days of the decision that the child needs special education and related services;

• 90 calendar days of receiving the parents' consent for an evaluation; or

• 120 calendar days of when a parent or school district makes a request for evaluation.

o The IEP must be in effect by the child's third birthday and at the beginning of each school year following that.

### What does the IEP include?

The IEP includes:

o Information about your child's future;

o Information about how your child is currently learning and functioning.

• This information should tell you how your child's disability affects his or her participation and progress in the general curriculum (the same curriculum taught to children without disabilities).

• For preschool children (3-5 years old), this information should tell you how the disability affects your child's participation in school activities that are appropriate for preschool children;

o A statement of goals that can be measured annually, including goals for how much your child learns and how well your child functions;

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

o The information also should include benchmarks or short-term objectives related to learning and functioning that are designed to:

- Meet your child's needs that result from his or her disability, so that your child can participate and make progress in the general education curriculum; and

- Meet your child's other educational needs resulting from the disability;

o A description of:

- How your child's progress toward meeting the annual goals will be measured; and

- When regular reports will be provided on the progress your child is making toward meeting the annual goals. These could be quarterly or other regular reports issued at and the same number of times as report cards;

o A statement of the special education and related services and supplementary (additional) aids and services to be provided for your child, and a statement of the program modifications or supports for school personnel that will be provided to enable your child to:

- Advance toward reaching the annual goals;

- Participate and progress in the general curriculum and participate in school activities outside the classroom, if it is appropriate; and

- Learn and participate in school activities with other children who have and do not have disabilities.

o An explanation of the degree, if any, to which your child will not participate with children who do not have disabilities in the regular classroom and in other school activities;

o A statement of any individual adjustments that are necessary to measure how your child is doing on state-wide and district-wide assessments. If the IEP team determines that your child will take a different assessment on a particular, regular, state or district-wide achievement test, a statement of why your child cannot participate in the regular test; and why the different assessment that has been selected is appropriate for your child.

o The date the school district plans to begin the services, accommodations and modifications described in the IEP and where, how often and for how long those services and adjustments are needed (see *modifications* in the "Definitions" section); and

o Beginning at least one year before your child reaches the age of majority under state law (18 years in Ohio), a statement saying that your child has been informed of the rights under IDEA that will transfer to him or her at age 18.

### What must the IEP team consider in developing an IEP?

The IEP team must consider:

o Your child's strengths;

o Your concerns for improving your child's education;

o The results of the first or most recent evaluation of your child;

o The results of your child's performance on any state-wide or district-wide assessments; and

o What your child needs to learn, develop and function properly.

### What else does the IEP team consider?

The IEP team must also review and consider the following special factors:

o The transition or movement of your child from preschool special education services (3-5 years old) to school-age special education services (6-21 years old);

o Beginning at age 14 (or younger, if the IEP team determines it necessary), a statement of the services your child will need for the transition from high school to adult life. This transition statement at age 14 focuses on your child's courses of study (such as advanced courses or a vocational education program). This statement must be updated annually;

o Beginning at age 16 a statement, updated annually, of:

- Appropriate goals for your child, based on assessments, that relate to training and education that will prepare the child for employment and, if appropriate, independent living after graduation; and

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

- The transition services (including courses of study) needed to assist your child in reaching those goals;
- If your child's behavior interferes with his or her learning or that of others, the use of positive ways to encourage good behavior and other strategies to address that behavior;
- Physical education programs that address your child's individual needs;
- Your child's need for extended school year services (services offered beyond the traditional 180 day school year);
- The need for Braille instruction if your child has a visual impairment;
- The communication needs of your child which include listening, speaking, reading and writing. If your child is deaf or hard of hearing, the IEP team must consider your child's language and communication needs. It must consider what opportunities your child will have for direct communication with classmates, teachers and therapists in your child's language and communication mode, academic level and full range of needs. This includes opportunities for one-on-one instruction in your child's language and communication mode;
- Your child's language needs based on the IEP, if the child's ability to use English is limited (your child  is an English language learner); and
- Your child's need for assistive technology devices and services.

### What are the arrangements for an IEP meeting?

The IEP meeting is arranged by the school district, according to the following:

- You and/or your child will be notified of the meeting early enough to ensure that you will have an opportunity to attend;
- The meeting will be scheduled at a time and place agreed upon by all;
- The meeting notice should include the purpose, time and location of the meeting and who will be attending;
- If you cannot attend, the school district must use other methods to allow you to participate

in the meeting, such as individual or conference telephone calls;
- A meeting may be conducted without you if the school district is unable to convince you that you should attend;
- The school district must have a record of its attempts to reach you;
- The school district must take whatever action is necessary to ensure that you understand what will happen in the IEP team meeting, including arranging for an interpreter if you have a hearing impairment or if you do not understand English; and
- The school district must give you a copy of your child's completed IEP at no cost to you within 30 days of the completion of the IEP meeting.

### What if the district and I disagree about what should be in the IEP?

If you and the district disagree about what should be in the IEP, you can:

- Request "IEP facilitation";
- Request mediation; or
- Participate in other ways of resolving the conflict. (See the section "Resolving Conflicts and Concerns.")

### Who should be a member of the IEP team?

The school district must ensure that the IEP team for each child includes:

- You, the parent;
- Your child, whenever appropriate;
- At least one of your child's regular education teachers (if your child is, or may be, participating in the regular education environment);
- At least one special education teacher or, if appropriate, at least one of your child's special education providers (for example, an occupational therapist or speech-language pathologist);
- A representative of the school district who is qualified to provide or supervise instruction that is specially designed to meet the unique needs of children with disabilities. The district representative must know about the general

curriculum and about the availability of school district resources;

o A person who can explain how the evaluation results will affect teaching. This person may be one of the team members already described in the bulleted items above;

o At the discretion of you or the school district, other individuals who have knowledge or special expertise regarding your child, including related services personnel when appropriate;

o The school district must invite your child with a disability to attend the child's IEP team meeting if a purpose of the meeting will be the consideration of goals for the child after graduation and the transition services that will be needed to help the child meet those goals; and

o The school district must invite a representative of any participating agency that may provide or pay for transition services to the degree appropriate, with the consent of the parents or a child who has reached 18 years of age.

### When is a member of the IEP team not required to attend an IEP meeting? How may a member of the IEP team be excused from attending an IEP meeting?

o A member of the IEP team is not required to attend any part of an IEP meeting if the parent and the school district agree in writing that the member's attendance is not necessary. This would occur only because the member's area of the curriculum (subject area) or related services is not being changed or discussed in the meeting.

o A member of the IEP team may be excused from attending any part of an IEP meeting when the meeting does involve a change to or discussion of the member's area of the curriculum or related services, under these conditions:
  • The parent and the school district each consent in writing to the member being excused; and
  • The IEP team member gives input into the development of the IEP before the meeting. This input must be put in writing to both the parent and the IEP team;

o If your child was previously served under Part C of IDEA (for children birth-2 years), an invitation to the initial IEP meeting must, at your request, be sent to the Part C service coordinator or other representatives of the Part C system to assist with the smooth transition of services.

### How may changes to IEPs and related IEP meetings be handled?

Changes to IEPs and the meetings necessary to make those changes may be handled as follows:

o When making changes to your child's IEP after the annual IEP team meeting for a school year, you and the school district may agree not to call an IEP team meeting to make such changes. Instead, you and the school district may determine what changes are needed and put them in writing. If you make changes in this manner, the school district must ensure that your child's IEP team is informed of those changes.

o To the degree possible, the school district must try to combine reevaluation meetings and other kinds of IEP team meetings for your child.

o Once changes to the IEP are agreed to, either by the IEP team or the parent and school district, those changes can be made part of the IEP in three ways:
  • The original IEP document can be marked up with the agreed-upon changes;
  • The newly written changes can be attached to the original IEP; or
  • A new IEP can be written with the changes reflected in it.

At your request, the school district must carry out this third option. The school district must send any version of the amended IEP to you within 30 days of amendment.

### When the school district and I need to meet, do we have to meet in person?

No. You and the school district may agree to use different ways and different places to have meetings. For example, you may choose to hold video conferences and conference phone calls involving all the parties. Any of the following matters can be discussed in those ways:

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

o Evaluations;
o Determinations of whether your child is eligible;
o IEPs;
o Educational placements (locations where your child will learn);
o Procedural safeguards such as mediation and resolution sessions; and
o Carrying out administrative matters under the procedural safeguards of IDEA (such as scheduling, exchange of witness lists and status conferences).

### *What is the responsibility of the IEP team?*

IEP meeting participants must complete the following activities in this order:

**Step 1: Discuss future planning.**
Everyone has dreams for the future, which guide actions, thoughts and plans. Putting dreams into words is part of the ongoing, long-range planning for your child with a disability. As part of that effort, the IEP team will discuss your child's preferences and interests as well as your family's long-range goals for your child. These might include your child's career path, living arrangements and specialized training.

**Step 2: Discuss current levels of academic achievement and daily living skills.**
The IEP team will review relevant information about your child, including your child's current academic achievement and daily living skills. This information includes progress your child has made on the current IEP, the evaluation team report, input from your child's teachers and school staff that work with your child and, if appropriate, input from you and from your child. This information provides a "picture" of your child, including your child's strengths and needs.

**Step 3:   Identify annual goals, including academic and life-skills goals and benchmarks or short-term objectives that can be measured.**
The IEP team will develop measurable annual goals, including academic and life-skill goals, as well as benchmarks or short-term objectives with matching evaluation procedures. These will enable your child to participate and progress in the general education curriculum. The team then

determines what services are necessary to meet your child's needs.

**Step 4:   Identify needed services.**
The IEP team decides what special education and related services the district will provide to your child, how often and who will provide them. This section of the IEP should include, as considered appropriate, accommodations, adjustments, assistive technology devices and services and a statement of what support will be needed for school staff. The supports and services listed on the IEP should be based on scientific research showing what types of supports and services actually help children with disabilities participate and progress in the general curriculum and other school activities outside the classroom.

**Step 5: Determine least restrictive environment (LRE).**
The law considers your child's place of learning to be first the regular classroom or other general education environment. If the team determines that a different setting is needed for any service your child receives, it will tell you why your child cannot participate in the general education setting and how your child's setting and activities are different from those of children without disabilities.

### *How is my child's IEP reviewed and/or revised?*

The IEP team must review your child's IEP on a regular basis (at least once a year) to determine if your child is meeting the annual goals.

The IEP team must revise the IEP for:
o Any lack of expected progress toward the annual goals and in the general curriculum, if appropriate;
o The results of any reevaluation;
o Information about your child provided to you or *by* you;
o Your child's expected needs; or
o Any other matters that may arise.

### *What happens before my child reaches the age of majority (18 years in Ohio)?*

At least one year before your child turns 18, your child's IEP must include a statement that

your child has been informed that all rights will transfer from you to him or her at age 18.

# EXTENDED SCHOOL YEAR SERVICES

### What are extended school year services?

Extended school year (ESY) services are special education and related services your child with a disability may receive beyond the normal 180-day school year.

Extended school year services are provided:

o Beyond the normal school year of the school district;

o In keeping with the special education and related services listed on your child's IEP;

o At no cost to you, the parent; and

o In keeping with the Ohio Department of Education's requirements for extended school year services.

### When must the school district provide my child with extended school year services?

The school district must make extended school year services available to your child only if your child's IEP team decides that extended school year services are necessary to provide a free appropriate public education to your child.

The IEP team must consider the following when it makes its decision:

o Are extended school year services necessary to keep your child from experiencing a significant loss of skills or a significant loss of knowledge?

o Would that loss of skills or knowledge seriously affect your child's progress toward his or her educational goals?

o Are extended school year services necessary to avoid a loss of skills or knowledge that your child cannot adequately regain?

Extended school year services may be the same or different from your child's regular school year services. The IEP team will determine this. The provision of extended school year services is not automatic year after year.

# STUDENT TRANSFER

### What are the requirements when my child transfers school districts?

The requirements when your child transfers school districts are as follows:

*Transfer within Ohio*:
If your child with a disability (who had an IEP that was in effect in a previous school district in Ohio) transfers to a new school district in Ohio or enrolls in a new school within the same school year, the new school district of residence, in discussions with you, must provide a free appropriate public education (FAPE) to your child (including services similar to those described in your child's IEP from the previous school district) until the new school district either:

o Adopts your child's IEP from the previous school district; or

o Develops and puts into action a new IEP that meets the requirements of federal and state law. If the new school district conducts an evaluation, that evaluation is considered a reevaluation.

*Transfer from outside the state to Ohio:*
If your child with a disability had an IEP in effect in another state and then:

o Transfers to a new school district of residence in Ohio; and

o Enrolls in a new school within the same school year:

The new school district of residence, in discussion with you, must provide a free appropriate public education to your child (including services similar to those described in your child's IEP from the previous school district) until the new school district:

o Conducts an evaluation, if needed; and

o Develops and puts into action a new IEP, if needed, that meets federal and state requirements. If the school district conducts an evaluation, that evaluation is an initial evaluation.

*Transmittal (transfer) of records from the previous to the new school district*:
To aid your child's change of schools:

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

o The new school in which your child enrolls must take reasonable steps to quickly get your child's records from your child's previous school;

o The previous school in which your child was enrolled must take reasonable steps to respond quickly to the request from the new school; and

o The records to be transferred must include the IEP and supporting documents and any other records necessary for providing special education or related services to your child.

If you owe fees at your previous school district, the district may hold your child's grades and credits until you pay the fees. However, the previous district may not hold your child's special education records, including the current evaluation and IEP.

### What if my child transfers to a new school district while still being evaluated?

If your child transfers from one school district to another in the same academic year, you will need to tell the new school district that your child was being evaluated for a suspected disability in your old school district and that you want the evaluation to continue.

The new school district will either continue the evaluation or give you a prior written notice saying that it does not suspect a disability and will not continue testing.

If you disagree with the new school district's decision, you may start conflict resolution steps with the district. (See the section "Resolving Conflicts and Concerns.")

## TRANSITION

### What does "transition" mean?

Transition is the process of planned activities that may result in changes in services and the staff who provide those services. There are at least three times in a child's educational career when transition activities should occur:

o When the child moves from early intervention services (birth-2 years old) to preschool special education services (3-5 years old);

o When the child moves from preschool special education services to school-age special education services (6-21 years old); and

o When the child moves from school-age special education services to community life (22 years old or more). (See *Transition Services* in the "Definitions" section.)

**Moving from early intervention services to preschool special education services.**

If your child is receiving early intervention services (available for children birth-2 years) and someone suspects that your child may have a disability and may be eligible for preschool special education services, the following activities must happen:

o 120 days before your child's third birthday, your child's early intervention services coordinator should schedule a meeting with you to discuss preschool special education services. Your consent is required to share information with the school district that offers preschool special education services.

o If you consent to share information about your child with the school district, you and the other participants at the meeting (early intervention service providers and school district staff) will look over your child's records and determine whether or not you suspect that your child has a disability.

If anyone suspects that your child has a disability, the school district will:

o Inform you of your educational rights and actions you can take to protect those rights;

o Share information about preschool special education services;

o Get your consent to evaluate your child;

o Determine whether additional information is needed for the evaluation; and

o Plan your child's evaluation.

The initial (first) evaluation must be conducted within 60 calendar days after you give the district your consent to evaluate, and the first IEP must be completed 90 days after you give the district your consent to evaluate. If your child is eligible for preschool special education services, the IEP must be in place by your child's third birthday.

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

### What happens if my child is not eligible for preschool special education services?

If, after completing a new evaluation, the IEP team determines that your child does not need preschool special education services, the district may, with your permission, refer you to other community services and programs that could help your child. The district also will send you prior written notice, which describes your right to challenge the IEP team decision through mediation or a due process complaint and hearing request. (See the section titled "How to Resolve Conflicts and Concerns.")

Even though your child is not eligible for special education services, if your child needs some support in the regular classroom the school district may provide that support. An example would be moving your child's desk nearer to the front of the classroom if your child has problems concentrating.

### Moving from preschool special education services to school-age special education services.

If your child has been receiving preschool special education services and is approaching 6 years of age, the IEP team will conduct a reevaluation which will include:

o A meeting to determine proper school-age educational services;

o Reviewing current information from your child's educational program; and

o Recommending teaching strategies that will help your child succeed in the general curriculum.

If the IEP team determines that your child needs school-age special education services, the IEP team will:

o Review current evaluation data (information that is less than one year old);

o Determine and recommend what additional assessment information is needed according to school-age special education rules; and

o Develop the IEP.

If, after completing a new evaluation, the IEP team determines that your child does not need school-age special education services, the

district may, with your permission, refer you to other community services and programs that could help your child. The district also will send you prior written notice, which describes your right to challenge the IEP team decision through mediation or a due process complaint and hearing request. (See the section titled "How to Resolve Conflicts and Concerns.")

Even though your child is not eligible for special education services, if your child needs some support in the regular classroom the school district may provide that support. An example would be moving your child's desk nearer to the front of the classroom if your child has problems concentrating.

### Moving from school- age special education services to community life.

Beginning when your child is 14 years old (or younger if the IEP team determines your child needs it), the IEP must include:

o Information about transition service needs that focus on your child's courses of study (such as taking advanced courses or a vocational education program).

Beginning at age 16 (or younger if the IEP team determines your child needs it), the IEP must include:

o Appropriate goals for your child based on testing and assessments related to training and education that your child will need for employment, and possibly independent living, after graduation; and

o The transition services (including courses of study) needed to assist your child in reaching those goals.

Transition activities include:

o Instruction;

o Related services;

o Community experiences;

o The development of goals for employment and other aspects of life after school; and

o If appropriate, the gaining of daily living skills and a functional vocational evaluation, a process that looks at your child's work characteristics and training needs. (See the "Definitions" section.)

Copyright ODE April 2, 2012

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

*What happens when my child graduates from high school or reaches age 22?*

If your child graduates from high school with a regular diploma or reaches age 22, the school district is no longer required to make a free appropriate public education available to your child.

Graduation from high school with a regular diploma or reaching age 22 is considered a change in placement (in other words, a change in your child's location). Therefore the district must:

o Give you or your child prior written notice; and

o Give your child a summary of his or her academic achievement and functional performance. This summary must include recommendations on how to help your child meet the goals that are set for after high school and included in the IEP.

NOTE: The term "regular high school diploma" does not include an alternative diploma or degree, such as a certificate or GED (General Education Development) degree that does not fully meet Ohio's academic standards. Ohio's GED does not fully meet Ohio's academic content standards. Therefore, your child with a disability who has received a GED may return to school to pursue his or her regular high school diploma until the child's 22nd birthday.

## RECORDS

*May I see my child's education records?*

You have the right to see all education records relating to your child that are collected, maintained or used in the course of your child's schooling by:

o The school district; or

o Any other participating agency or institution (referred to as "agency" in this section) ("Participating agency" means any agency or institution that collects, maintains or uses personally identifiable information, or from which information is obtained, under Part B of IDEA. Part B applies to children with disabilities who are 3-21 years of age.)

This includes all education records related to your child qualifying for special education services and getting special education services and regarding the provision of a free appropriate public education to your child.

*When must the school district or agency agree to my request to see my child's education records?*

The school district or agency must agree to your request to see your child's education records:

o Without unnecessary delay;

o Before any meeting about an IEP or any due process hearing or resolution meeting; and

o Never more than 45 days after you make the request.

*What are my specific rights concerning my child's education records?*

Your rights to inspect and review your child's education records include the following:

o You have the right to a response from your school district or agency to reasonable requests for explanations of the records;

o You have the right to have your representative inspect and review the education records; and

o You have the right to receive copies of the education records if not having copies would prevent you from inspecting and reviewing the educational records (for example, if you live far from the school or cannot physically get to it).

The district must get your consent before releasing your child's personal information to parties other than officials of school districts or agencies, unless it is given permission to do so without your consent under 34 CFR Part 99, the Family Educational Rights and Privacy Act (FERPA).

Parental consent, or the consent of an eligible child who has reached age 18, is required at the following times:

o Before personal information is released to officials of agencies providing or paying for transition services; and

o If your child is enrolled or is going to enroll in a nonpublic school that is not located in the school district of residence, you must give

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

your consent before any personal information from the child's records is released between officials in the school district where the nonpublic school is located and officials in the school district of residence. You must also give your consent before the school district of residence or the school district where the nonpublic school is located shares personal information with the nonpublic school.

Personal information includes, but is not limited to:

o The name of your child, your name, or the name of another family member;

o Your child's address;

o A personal identifier, such as your child's Social Security number or student number; and

o A list of personal characteristics, or other information that would make it possible for someone to identify your child with reasonable certainty.

The school district or agency may assume that you, the parent, have the authority to inspect and review your child's records, unless the school district or agency has been informed that you do not have the authority under Ohio law governing matters such as guardianship, separation and divorce.

If any education records include information on more than one child, you have the right to inspect and review only the information relating to your child or to be informed of that specific information.

At your request, the school district or agency must show you a list of the types and locations of education records collected, maintained or used by the district or agency.

### What is the school district's or agency's overall responsibility in protecting my child's education records?

The school district or agency must protect the privacy of your child's personal information all the while it is collected, stored, shared with others or being destroyed.

One official at the school district or agency must be given responsibility for ensuring the privacy

of this information. The school district or agency must also provide training on the state's policies and procedures to all staff that collect or use the information. Each district or agency must maintain for public inspection a current listing of the names and positions of those district or agency employees who may have access to student personal information.

The school district or agency must keep a record of who is allowed to see education records (except parents and authorized school district or agency employees). This record must include the name of the party, the date the party was allowed to see the records and the purpose for which the party is allowed to use the records.

### What are my rights concerning the destruction of education records or information?

The school district or agency must inform you when your child's personal information is no longer needed to provide educational services to your child.

The district or agency may destroy your child's personal information after it has informed you of this. And the district or agency must destroy the information at your request. However, the district or agency may keep a permanent record of a student's name, address, telephone number, grades, attendance record, classes attended, grade level completed and year completed without time limitation.

### How do I get my child's education records corrected?

If you believe that any information in your child's education records is inaccurate, misleading or violates the rights of your child, you may ask the school district or agency that maintains the information to change it. The school district or agency must decide whether to change the information within a reasonable amount of time following your request.

### What is a records hearing?

If the school district or agency refuses to change the information as you requested, it must inform you of that and also inform you that you have a right to a records hearing. A records hearing is a meeting where you are given a chance to object to the information in your child's education

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

records if you feel it is not accurate, misleading or violates your child's privacy or other rights.

After the records hearing, if the school district or agency agrees with you, it must change the information and let you know in writing. If the school district or agency disagrees with you, it must inform you of your right to place a statement in the records. The statement contains your comments on the information and your reasons for disagreeing with the decision of the school district or agency.

This statement will be placed in your child's education records, and the school district or agency must keep this statement as long as the record or the portion of the record you disagree with is kept. Anytime your child's records are shared or the portion you disagree with is given to someone by the school district or agency, your statement must also be included.

### What are the costs for reviewing my child's education records?

The school district or agency may not charge a fee to search for or pull out information. It may charge you a fee for copies of records as long as the fee does not keep you from being able to exercise your right to inspect and review your child's records.

### If I revoke my consent for special education services will the school district remove all references of my child having received special education and related services from my child's education records?

No. The school district is not required to amend your child's records to remove any references to the child's receipt of special education and related services because of your revocation of consent.

### Do my rights to see my child's records transfer to my child at some point?

When your child reaches 18, the school district will ensure that all rights regarding education records are transferred from you to your child. Those rights will not be transferred to your child if the child has been determined according to state law to be incompetent. (This means the child is not qualified to care for himself or

herself.) You and your child must be notified of any transfer of rights.

However, if the school district learns that the court has appointed a legal guardian for your child with a disability, the district will appoint the guardian to represent the educational interests of your child until your child reaches age 22, if your child is not a ward of the state.

NOTE: Even after your parental rights have transferred to your child, the school district must still give you the same procedural safeguards notices that the district must give your child. This includes a copy of *Whose IDEA Is This?*, prior written notice and any due process complaint notice involving your child.

## HOW TO RESOLVE CONFLICTS AND CONCERNS

### If I have questions or concerns about my child's education, whom do I contact?

The Ohio Department of Education is responsible for assuring that children with disabilities receive a free appropriate public education (FAPE) in the least restrictive environment, as required by the *IDEA* and related federal regulations, state law and state rules.

"Least restrictive environment" means that, whenever possible, the district or agency will educate your child in the regular classroom or general education environment.

If you have a question or concern about the education of your child with a disability or suspect that your child may have a disability, you should first contact the local school district where your child attends school. Discuss your concerns with your child's teacher, the building principal and the staff member responsible for special education.

Other organizations that may assist you are:

Ohio's State Support Teams (SSTs)
Your local school district has the address and phone number of the SST nearest you or go to education.ohio.gov, keyword search:*State Support Team.*

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

The Ohio Coalition for the Education of
Children with Disabilities
Bank One Building
165 W. Center Street, Suite 302
Marion, OH 43302-3741
(800) 374-2806

Ohio Legal Rights Service
50 W. Broad Street, Suite 1400
Columbus, OH 43215-5923
(800) 282-9181 or (614) 466-7264

Ohio Department of Education
Office for Exceptional Children
Procedural Safeguards Section
25 South Front St., Mail Stop 202
Columbus, Ohio 43215-4183
Telephone (614) 466-2650
Toll Free: (877) 644-6338
Fax: (614) 728-1097

***What happens if the school district and I
disagree about my child qualifying for special
education services or getting special education
services?***

Many disagreements can be resolved by
communicating with your child's teacher,
principal or other school district personnel.

There are also "dispute resolution" procedures
established by federal or state law to help you
address your concerns with the school district.
These procedures are listed in the following
bullets, and each of the procedures is defined
and explained in the following pages.

o Administrative review

o Mediation

o IEP facilitation

o State complaint procedures

o Impartial due process hearing; and

o Resolution meeting facilitation prior to a due
   process hearing

It is best to first attempt to settle disagreements
at the district level by discussing your concerns
with district staff members in administrative
reviews (discussions with a school staff member
or with your school district superintendent).

However, you may choose to go directly to state
dispute resolution procedures, such as
mediation, IEP facilitation, state complaint,

impartial due process hearing or resolution
meeting facilitation. The school district may also
use these local and state-level options.

***Who can file a complaint or a due process
hearing request? What issues can be raised
and resolved by filing a complaint, and what
issues can be raised and resolved by requesting
a due process hearing?***

The differences are as follows:

Complaints:

o Any party (including parents and school
   district or agency) may file a formal written
   complaint.

o Any party may claim there has been a
   violation under IDEA laws or regulations or
   Ohio special education laws.

o Any party may raise issues about a specific
   child qualifying for special education services
   or getting special education services under
   IDEA law or regulations or Ohio special
   education laws. Issues may be raised in a
   complaint about a special education system
   that affects more than one child with a
   disability.

Due Process Hearing:

o A parent or public agency may request a due
   process hearing.

o A parent or public agency (including a school
   district) may claim there has been a violation
   under IDEA law or Ohio special education
   law.

o The parent or public agency may raise issues
   about a child qualifying for special education
   services or getting special education services
   under IDEA law or Ohio special education
   law.

o A parent may raise issues only about the
   parent's own child, but may not raise issues
   about special education system practices that
   involve other children.

o A public agency may raise issues about a
   specific child but may not raise issues about
   special education system practices that involve
   other children.

Copyright ODE April 2, 2012

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

**Administrative review**

You have the right to present complaints to the school district superintendent regarding your child's evaluation and placement, and regarding receiving appropriate educational services for your child. The administrative review involves the following process:

o *Within 20 days of receiving your complaint*: the superintendent (or someone the superintendent designates) 1) will conduct a review without unnecessary delay; 2) may hold an administrative hearing; and 3) will notify all parties of the decision in writing.

o A review will take place at a time and place convenient to all parties.

o The superintendent must conduct a review and may hold an administrative hearing.

o Every effort should be made to resolve any disagreements at the administrative review.

o You and the school district have the right to invite others to participate in the administrative review, including your attorneys.

## MEDIATION

### *What is mediation?*

Mediation is a voluntary process for settling disputes between two parties. For mediation to occur, both parties must agree to settle or resolve their concerns. The mediation process is led by a trained, neutral third party, called the mediator, who helps the other parties voice their concerns and reach a solution that is acceptable to both.

### *What are the benefits of mediation?*

o Parents and school district leaders together develop the final agreement rather than an outside individual.

o Parties work together and are in control of the results.

o An agreement reached by both parties results in greater satisfaction for all parties.

o Mediation provides an opportunity for parties to understand different points of view.

o Mediation is less costly and disputes are resolved more quickly than through a due process hearing or court proceeding.

o Often when written agreements are reached through mediation, the parties are more likely to stick with the agreement.

### *When is mediation available?*

Mediation is available in the following situations:

o Whenever you or the school district have concerns about providing special education and related services for your child. You can request mediation right away without filing a formal written complaint and without filing a due process hearing request.

o When you file a formal written complaint or due process hearing request. The Office for Exceptional Children will offer mediation to both parties.

o Mediation is provided at no cost to either party. The Ohio Department of Education pays for the mediation process, including costs of meetings and the mediator's time. However, the parties pay any individual costs, including the costs of any attorneys they choose to use.

o Once both parties agree to participate in mediation, the Office for Exceptional Children gives the parties the opportunity to choose a mediator.

o Once a mediator is chosen, the mediator will contact both parties to set up the date, time and location of mediation.

### *What should I know about mediation?*

The following points about mediation are important to know:

o Participating in mediation is voluntary on the part of both parties.

o Mediation cannot be used to deny or delay your right to a due process hearing or any other rights under IDEA.

o Discussions the parties have during the mediation process must be kept private and may not be used as evidence in any due process hearing or court action that may follow the mediation.

o No part of the mediation can be electronically recorded.

o The Ohio Department of Education Office for Exceptional Children maintains a list of qualified mediators who are knowledgeable in

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

laws and regulations related to providing special education and related services.

o The mediator may not be an employee of the Ohio Department of Education or the school district that is involved in the education or care of the child.

o A person who is qualified to be a mediator is not an employee of the school district or the Ohio Department of Education solely because he or she is paid by the agency to serve as a mediator.

o Both you and the school district must be involved in selecting the mediator and must agree with the selection.

o The mediator must not have a personal or professional interest that would cause that person to favor one party over another.

o The mediator may not be called as a witness in future activities related to the mediation sessions.

o Each session in the mediation process must be scheduled without delay and must be held in a location that is convenient to all the parties.

o The school district or agency involved in the disagreement must send a representative who has the authority to promise resources.

o If you and the school district settle your dispute through mediation, the parties must strike a legal agreement that outlines the resolution and holds each of you to your part of the agreement. Each party must receive a signed copy of the mediation agreement at the end of the meeting.

o If an agreement is reached, the school district and the parent will put into action all terms of the agreement.

o If the mediation agreement requires any changes in your child's IEP, an IEP meeting must be held within 20 days of the agreement's signing, or however long is agreed to in the mediation.

o If you requested a due process hearing or filed a formal written complaint and then an agreement on all issues is reached during the mediation, you must withdraw your request for the due process hearing or request for a complaint investigation.

## *Does the mediation agreement legally hold both parties to their promises?*

If a disagreement is settled through the mediation process, the parties will come up with a written document that outlines the agreement. Each party will be open to a lawsuit against them if they break the agreement. The document also:

o States that all discussions that occurred during the mediation process must be kept private and may not be used as evidence in any due process hearing or related action of any court that may follow the mediation;

o Is signed by both the parent and a representative of the agency who has the authority to make a commitment for the agency; and

o Can be enforced in any appropriate court in the United States.

NOTE: A school district may offer other ways of settling conflicts to parents and schools that choose not to use the mediation process. These procedures may provide parents and schools an opportunity to meet with a neutral person who is under contract with Ohio's Parent Training and Information Center or another appropriate organization. (See the section "How to Resolve Conflicts or Concerns.") This person would explain the benefits of the mediation process and encourage the parents to use it. The Ohio Department of Education will bear the cost of this meeting. The school district may not deny or delay a parent's right to a due process hearing if the parent does not participate in this meeting.

## *Can I get my money back for the attorney fees I paid for mediation?*

You are responsible for paying your attorney fees unless the mediation agreement states that the school district is responsible for your attorney fees.

Copyright ODE April 2, 2012

### How do I request mediation or get additional information about mediation?

To request mediation, contact:
Ohio Department of Education
Office for Exceptional Children
Procedural Safeguards Section
25 South Front St., Mail Stop 202
Columbus, Ohio 43215-4183
Telephone (614) 728.1113
ODE Toll Free: (877) 644-6338
Fax: (614) 728-1097.

## IEP FACILITATION

### What is IEP facilitation?

When a neutral, special education mediator who has received specialized training in developing IEPs is asked to help IEP team members develop an IEP for a child, this is called IEP facilitation. The "facilitator" helps open up communication among team members, guides the discussion and helps the team settle disagreements. The facilitator makes no decisions but helps team members find their own solutions.

### How do I request IEP facilitation?

To request IEP facilitation, contact:
Ohio Department of Education
Office for Exceptional Children
Procedural Safeguards Section
25 South Front Street
Mail Stop 202
Columbus, OH 43215-4183
Telephone: (614) 728.1113
Toll free: (877) 644-6338

In order for IEP facilitation to happen, both the school district and you must volunteer to participate. The Office for Exceptional Children will help you contact your school district to see if it is interested in IEP facilitation.

## COMPLAINT PROCEDURES

You can seek information through a telephone call, letter, e-mail or fax about the Office for Exceptional Children's:

o Complaint procedures;

o Copies of rules and regulations;

o More information about an issue; or

o Help finding the correct person to talk to in a district, agency or organization.

These contacts for general information, called general inquiries, are not considered complaints.

You can make inquiries about the public education of a child with a disability to the Ohio Department of Education:
Ohio Department of Education
Office for Exceptional Children
Procedural Safeguards Section
25 South Front Street
Mail Stop 202
Columbus, OH 43215-4183
Telephone: (614) 466-2650
Toll free: (877) 644-6338

### What does the complaint process do?

The complaint process provides a remedy for violations of the IDEA and the Ohio's Operating Standards and law. This process allows for complaints to be resolved quickly at no cost to either the parent or the school district. The complaint process also may be less controversial than a due process hearing.

### What is the federal regulation that gives the state authority to have a complaint process?

The authority for the processing of complaints by a state agency is given by federal regulations, 34 Code of Federal Regulations (C.F.R.) § 300.151 - §300.153 *Adoption of State Complaint Procedures*.

### How and where do I file a complaint?

The written complaint must have an original signature (not a photocopy or stamp) of the complaining party and must be sent to:
Ohio Department of Education
Office for Exceptional Children
Procedural Safeguards Section
25 South Front Street
Mail Stop 202
Columbus, OH 43215-4183.

The Ohio Department of Education will not accept:

o Faxed complaints;

o Complaints sent via e-mail; or

o Anonymous complaints.

Copyright ODE April 2, 2012

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

### Do I have to forward my complaint to the district?

Yes. According to federal regulation 34 C.F.R. § 300.153(c), the party who is making the complaint (known as the complainant) must send a copy of the complaint to the superintendent of the school district the complaint is being filed against.

### What does my complaint have to include?

The complaint must include:

o A statement that the public school district has violated a requirement of federal and/or state laws(s) and/or regulations that apply to special education;

o The facts on which you are basing your complaint. (A "fact" is defined as an actual event or occurrence that has taken place. This includes an explanation of the issue and the date that the issue occurred);

o The complainant's original signature and contact information;

o A proposed solution to the problem. Please note that your proposed solution will be considered. However, the final solution to the complaint will be determined by the Ohio Department of Education's Office for Exceptional Children;

o If you are claiming a violation in the case of a specific child or group of children, also include:

- The name or names of the children involved in the complaint;

- The address of the child or addresses of the children;

- The address of the person filing the complaints (if different from the child's address);

- In the case of a homeless child or youth include available contact information for the child (when the child meets the definition of homeless child contained within federal section 725(2) of the McKinney-Vento Homeless Assistance Act (42 U.S.C. 11434a(2)); and

- The name of the school the child is attending;

o The complaint must claim a violation that occurred no more than one year before the date the complaint is received; and

o The party filing the complaint must forward a copy of the complaint to the district the complaint is about at the same time the party files the complaint with the Ohio Department of Education.

### What is sufficiency?

For a complaint to be investigated, the complaint must include the information listed under the preceding question, *"What does my complaint have to include?"* If your complaint does not include all this information, the Ohio Department of Education may consider all or part of your complaint to be "insufficient. "

### What happens if my entire complaint is found to be insufficient?

If your entire complaint is found insufficient, the complaint will not be investigated and an "insufficiency letter" will be sent to you with an explanation of why the whole complaint will not be investigated. The letter will tell you what you need to change or add to the complaint so that the Office for Exceptional Children will accept your complaint for investigation.

After you receive the insufficient letter, you may include the information that was missing and re-file the complaint. The re-filed complaint must claim a violation that occurred no more than one year before the date the *re-filed* complaint is received by the Ohio Department of Education.

### What happens if only part of my complaint is found to be insufficient?

Only a part of your complaint may be found insufficient if it is missing a fact or another element.

If your complaint, in whole or in part, is missing a fact, the complaint will be considered insufficient on the issue that the missing fact directly relates to. The part of the complaint that does not include a fact will not be investigated. If the complaint includes other issues for which facts are provided, those issues will be investigated, if the issue falls within the authority of the Office for Exceptional Children.

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

### What if my complaint is missing an element other than a fact?

If your complaint is missing any of the items listed here:

o Child's name;

o Child's address;

o Address of the person filing the complaint (if different from the child's address);

o Contact information; or

o The name of the school the child is attending;

The educational consultant will contact the complainant telling them that one or more of the items above is missing. The complainant will then have five days (from the time of contact with the educational consultant) to forward the necessary information to the educational consultant. The complainant will send the information in writing to the educational consultant who will be investigating the complaint. If the missing element is not forwarded to the educational consultant within five days, the complaint will not be investigated.

### If I don't understand why my complaint won't be investigated, or if I need help fixing my complaint, who can help me?

Agencies that can help you are:

o Ohio Department of Education, Office for Exceptional Children;

o Ohio Coalition for the Education of Children with Disabilities (OCECD); and

o Ohio Legal Rights Services (OLRS).

Contact information is on pages 29 and 30.

### Who determines what law, regulation or rule may have been violated?

The Office for Exceptional Children will determine which law is claimed to have been violated and which law, regulation or rule will be referred to in the investigation.

### How do I know that the Office for Exceptional Children has received my complaint?

Within five business days of when the Office for Exceptional Children receives the written, signed complaint, it will send an acknowledgement letter to the person filing the complaint. The office will also send the letter to

the following parties, if different from the person filing the complaint:

o The parent/guardian;

o The student, if the student has reached the age of 18; and

o The superintendent of the school district.

### What does the acknowledgment letter include?

The acknowledgment letter will include the following information:

o Notice of the date that the Office for Exceptional Children received the complaint;

o Identification of contact information for the assigned educational consultant who will investigate the complaint;

o Notice of an opportunity for the parties or, as appropriate, a third party complainant to provide additional information;

o Notice that a letter of findings will be issued within 60 calendar days of the date the Office for Exceptional Children receives the complaint unless an extension is granted. In this case, the letter of findings will be issued on the date named in the extension letter;

o Notice if the complaint is "held in abeyance" (put on hold) awaiting the results of a due process hearing. In this case, the 60-day timeline will begin (a) upon the date that the hearing officer issues his or her decision and the Office for Exceptional Children determines that the hearing officer's decision does not address all of the complaint issues; or (b) upon withdrawal or dismissal of the due process request; and

o Notice of the opportunity for the parties to engage in mediation of the complaint.

NOTE: If an attorney represents either party, it will be that attorney's responsibility to communicate with the educational consultant and request that copies of all correspondence are forwarded to him or her.

Copyright ODE April 2, 2012

Page | 35

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

***Can the district offer a proposal to the parent to resolve the complaint before the Office for Exceptional Children issues a letter of findings?***

Yes, the district may offer the parent a proposal to resolve the complaint before the letter of findings is issued.

***Can the parties involved in a complaint mediate the complaint issues using Office for Exceptional Children mediators?***

Yes, if you are a parent or the school district or other public agency and if you wish to mediate the issues which are in your complaint using an Office for Exceptional Children mediator, please notify the educational consultant assigned to the complaint.

***What happens in a complaint investigation?***

The Office for Exceptional Children must conduct an investigation of the complaint which must include a review of all related records and may include an on-site investigation.

The letter of findings will be sent within 60 calendar days from the date the written and signed complaint was received by the Office for Exceptional Children. According to 34 C.F.R. §300.152 (b)(1), the Office for Exceptional Children may grant specific extensions of time for two reasons: (1) The parties have agreed to engage in mediation or an alternative form of dispute resolution; (2) An exceptional circumstance. Exceptional circumstances will be determined by the Office for Exceptional Children on a case-by-case basis.

If the complaint is also the subject of a due process hearing, the Office for Exceptional Children will put on hold the complaint or those complaint issues that are part of the due process hearing until the end of the due process hearing. When the due process hearing officer issues a decision, or the hearing is withdrawn or dismissed, the issues will be reviewed. If there are complaint issues that were not addressed in the hearing process, those issues will be investigated within 60 days, from the date the investigating consultant determines that there are issues that were not addressed by the hearing officer's decision.

***What happens when the Office for Exceptional Children finishes its investigation?***

When the investigation is complete, the Office for Exceptional Children will determine whether the district complied with (obeyed) the special education laws and regulations that apply. Its determination of whether the district complied or did not comply on each issue must be based on the facts and the laws, regulations or standards that apply. The Office for Exceptional Children must notify the parties in writing of the findings and the reason for such findings.

***What is a further inquiry?***

During a formal complaint investigation, the Office for Exceptional Children may find additional areas where the district may not have followed the law. These additional areas of "noncompliance" are issues that were not in the original complaint filed by the complainant.

As an agency that enforces laws and regulations, including the IDEA, the Office for Exceptional Children must advise districts about areas in which it is concerned that the districts may not be complying with laws and regulations. If the Office for Exceptional Children finds areas where districts may not be complying with the law, it will insert a paragraph at the end of the letter of findings which says that there is an area of concern and that the Office for Exceptional Children will contact the district to discuss the concern and provide technical assistance. This technical assistance is called a "further inquiry."

The further inquiry will be separate from the original complaint investigation. The information in the further inquiry will not be forwarded to the complainant unless the complainant makes a request for records regarding the further inquiry.

In a further inquiry, the Office for Exceptional Children sends a separate letter to the district regarding the possible areas of noncompliance. The further inquiry could include a request for additional records or information or it could include scheduling an on-site visit by Office for Exceptional Children staff members. If the district is found not to be following either IDEA or state requirements for serving children with disabilities, the Office for Exceptional Children

will provide technical assistance to correct the problem.

# DUE PROCESS

### *What is an impartial due process hearing?*

An impartial due process hearing is a formal hearing that is held to resolve disagreements. These disagreements may be about your child's evaluation, IEP, services, educational placement (setting) or anything having to do with providing a free appropriate public education to your child. The hearing may include teachers or other school staff as well as people who provide other services related to your child's special education.

### *Who may request an impartial due process hearing?*

Parents, the school district or other public agencies (such as county boards of developmental disabilities, developmental centers and the state Department of Youth Services) all may request an impartial due process hearing.

To start the due process hearing process, the party completes and submits the "Due Process Complaint and Request for Due Process Hearing" form found at the end of this guide. In the remainder of the publication, this process will be referred to as the "due process complaint and hearing request."

### *Who will conduct the due process hearing?*

An impartial (neutral) hearing officer (IHO) will conduct the hearing.

In Ohio, a hearing officer:

o Must be an attorney;

o Must complete training provided by the Ohio Department of Education.

o Cannot be an employee of the school district, Ohio Department of Education or any public agency involved in the education or care of your child;

o Cannot have a personal or professional interest that may result in favoring one party or another in the hearing;

o Must know and understand the IDEA law, related federal and state regulations and how federal and state courts interpret IDEA;

o Must have the knowledge and ability to conduct hearings using standard legal practices; and

o Must have the knowledge and ability to make and write down decisions according to appropriate standard legal practice.

The state and local school district can provide a list of hearing officers and their qualifications. This list is posted on the Ohio Department of Education's Web site, education.ohio.gov, keyword search: *due process hearing officers*.

### *Who pays for the hearing?*

The school district pays the due process hearing officer. However, the hearing officer is not considered an employee of the school district simply because he or she is paid by the school district to serve as a hearing officer.

You must pay any costs that happen because of your actions, including the costs of any attorneys, witnesses and experts you use and your copying and mailing expenses.

### *Must I have an attorney file my due process complaint and hearing request and represent me at the hearing?*

No, you may file your own due process complaint and hearing request and if you wish you may represent yourself at the hearing. The school district will have an attorney.

### *How do I request an impartial due process hearing?*

You can request a due process hearing by filing a due process complaint and hearing request. Your due process complaint  (see next question) must be in writing and sent to the following parties:

o Send the original due process complaint (not a photocopy) to the superintendent of your child's school district of residence;

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

o Send a copy of your due process complaint by mail or fax to:

Ohio Department of Education
Office for Exceptional Children
Procedural Safeguards Section
25 South Front Street
Mail Stop 202
Columbus, Ohio 43215-4183
Fax (614) 728-1097

You may complete and submit the ODE form "Due Process Complaint and Request for a Due Process Hearing," or you may prepare and submit your own written due process complaint. You are not required to use the form, but you must be sure to include all of the required information. You will find the form at the end of this publication and also posted on ODE's Web site, education.ohio.gov, keyword search: *due process.*

The term "due process complaint" is used in relation to a due process hearing request. You must have an opportunity for an impartial due process hearing whenever a due process complaint has been filed.

### What information does my due process complaint and hearing request have to include?

Your due process complaint and hearing request must include:

o Your child's name;

o The address of the residence of the child;

o The name of the school the child is attending;

o In the case of a homeless child or youth (as it is defined in section 725(2) of the McKinney-Vento Homeless Assistance Act (42 U.S.C. 11434a(2)), the contact information for the child and the name of the school the child is attending;

o A description of the nature of the problem and how it relates to your child qualifying for special education services and getting special education services;

o The facts relating to the problem; and

o A proposed solution to the problem based on what you know at the time you file the request.

NOTE: You may not have a due process hearing until you or the attorney representing you file a due process complaint that includes all the information stated above, according to federal regulation 34 C.F.R. Section 300.508.

### Are there any limitations on the issues that I can raise at a due process hearing?

You may not raise issues at the due process hearing that were not raised in your due process complaint, unless the other party agrees to it.

### May I file a separate due process complaint on an issue that I did not raise in a due process complaint that I already filed?

Yes. You may file a separate due process complaint on an issue separate from a due process complaint that you already filed.

### What is the deadline for requesting an impartial due process hearing?

As a general rule, you must request an impartial due process hearing within two years of the date you knew or should have known about the action that your due process complaint is regarding.

EXCEPTION: The two year deadline does not apply to you if you were prevented from requesting the hearing because:

o The school district specifically misled you to think that it had resolved the problem; or

o The school district withheld information that IDEA required it to provide to you.

### What happens if the school district believes my due process complaint is not sufficient?

Your due process complaint will allow you to have a due process hearing unless the following occurs:

o Within 15 days of receiving your due process complaint, the school district notifies the hearing officer, ODE and you in writing that the school district believes your due process complaint has not met the due process request requirements. (For the requirements for a request, see the question, "*What information does my due process complaint  and hearing request have to include?*")

o Within five days after receiving this notification from the school district, the hearing officer must determine whether your due process complaint meets the requirements for such a complaint.

Copyright ODE April 2, 2012

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

o After making this determination, the hearing officer must immediately notify you, the school district and the Office for Exceptional Children in writing of his or her decision.

**What will happen if the hearing officer decides that my due process complaint did not meet all requirements?**

The hearing officer's written decision will include the following information:

o The reasons your complaint was determined to be insufficient.

o A statement in clear language that the case has not been dismissed.

o A statement that the case cannot go to hearing until a due process complaint is filed that contains all the required information. For this required information, refer to the question *"What information does my due process complaint and hearing request have to include?"*

o A list of resources to help you complete a due process complaint and to correct anything that is determined not be sufficient. One of these resources is the staff of the Procedural Safeguards section of the ODE Office for Exceptional Children. You may contact:
  Sandy Kaufman, Consultant
  Office for Exceptional Children
  Procedural Safeguards
  25 South Front St. Mail Stop 202
  Columbus, OH 43215
  E-mail: sandy.kaufman@ode.state.oh.us
  Telephone: (614) 728.1113or
  Toll Free: (877) 644-6338.

**If my due process complaint is sufficient but I want to change my complaint, what can I do?**

If you want to make some changes or add new issues, you may ask permission to "amend" your complaint, or you may file a new complaint on the new issues.

You may amend your due process complaint only if the school district or hearing officer agrees to the amendment in one of the following ways:

o The school district consents in writing to the amendment and is given the opportunity to resolve the amended due process complaint through a resolution meeting; or

o The hearing officer grants permission. The hearing officer may grant such permission no later than five days before a due process hearing. For example, if your hearing is scheduled for August 15 and on August 1 the hearing officer receives your request to amend your due process complaint, the hearing officer may grant you permission any time between August 1 and August 10.

If you receive permission and amend your due process request, the date on which you filed your original due process complaint also applies to the amendment.

For example, if you filed your complaint on July 1, 2009 and amended your complaint on August 1, 2009, your filing date does not change. The original filing date of July 1 applies to the entire due process complaint, including the amendment.

**If I need to amend my due process complaint because the hearing officer ruled that my complaint was insufficient, how much time do I have to file an amended complaint?**

You must file an amended due process complaint with the hearing officer within 14 days of the date of the hearing officer's decision that the complaint was insufficient. If you do not file an amended due process complaint within this period, the hearing officer will dismiss your due process complaint and close the case.

NOTE: If you file an amended due process complaint, the timelines for the resolution meeting (15 days or if it is to be an "expedited" (more prompt) hearing, 7 days) and the time period to resolve the due process complaint (30 or if an expedited hearing, 15 days) begin again with the filing of the amended due process complaint.

**If I do not amend my due process complaint, what else can I do if my due process complaint was determined to be insufficient?**

You may re-file your complaint with the superintendent of the school district and send a copy of the re-filed complaint to the Office for Exceptional Children. Your complaint will be treated as a new due process complaint and must meet all the requirements of a new due process complaint.

Copyright ODE April 2, 2012

### How is a re-filed complaint different from an amended complaint?

A re-filed complaint is a new request. An amended complaint is not a new request but is a change to your current request.

A re-filed complaint has a new filing date. An amended complaint keeps the original filing date.

You will need to be sure that you re-file your complaint within the two-year deadline or that it meets one of the exceptions to the two-year deadline. To determine this, refer to the question, *"What is the deadline for requesting an impartial due process hearing?"*

### Can a due process complaint and hearing request be amended or re-filed only in a case where my due process complaint was determined to be insufficient?

No. A due process complaint may be amended or re-filed for other reasons, including the following:

o You may wish to amend the due process complaint to clarify or add issues; or

o You may re-file a request if you withdrew your  due processcomplaint and then decide to resubmit your due process complaint.

### What can I do if the district has filed a due process complaint and request for a due process hearing, and I believe the district's due process complaint is not sufficient?

If you believe that the district's due process complaint is insufficient, you may take the following steps:

o Within 15 days of receiving the district's due process complaint, you notify both the hearing officer and the district in writing that you believe the district's due process complaint has not met the requirements that apply to the complaint notice. Send a copy of your notification to the Procedural Safeguards Section, Office for Exceptional Children, Ohio Department of Education. *See pages 29 and 30 for contact information.*

o Contact Office for Exceptional Children for the name of the hearing officer you must contact if you have not already received this information from the Office for Exceptional

Children. *See pages 29 and 30 for contact information.*

o Within five days after receiving your notification, the hearing officer must determine whether the district's due process complaint meets the requirements that apply to the due process complaint.

o On the same date the hearing officer makes the decision, he or she must notify you, the school district and the Office for Exceptional Children in writing of his or her determination.

### If the hearing officer determines that the school district's due process complaint is insufficient or if the school district wants to change its complaint on its own, may the district amend its complaint?

The school district may amend its due process complaint only if:

o You consent in writing to the amendment and are given the opportunity to resolve the amended due process complaint through a resolution meeting; or

o The hearing officer grants permission. The hearing officer may grant such permission no later than five days before a due process hearing occurs.

### Will the school district answer my request for a due process hearing?

If the school district has not already sent you a prior written notice about the subject of your due process complaint, the school district must send you a response within ten days of receiving your complaint. The response must include:

o An explanation of why it proposed to take the action you object to in your complaint, or refused to take action;

o A description of other options that the IEP team considered and the reasons why those options were rejected;

o A description of each evaluation procedure, assessment, record or report the agency used as the basis for the action it proposed or refused; and

o A description of the other factors related to the action the school district proposed or refused.

NOTE: If the school district sends you this notice, the district may still claim that your due process complaint was insufficient.

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

### What will the school district do after it receives my due process complaint?

After you request an impartial due process hearing:

o If this is the first due process complaint you have filed during the school year, the school district will provide you with a copy of *Whose IDEA Is This?*

o You will be told that mediation is available and given information about mediation.

o If you requested the due process hearing, the school district will conduct a resolution meeting (discussed in detail below).

o The Office for Exceptional Children will send you and the school district the name of the impartial due process hearing officer assigned to your case.

o If you (or the school district) request a hearing, the school district will inform you of any free or low-cost legal or other services you may need that are available in your area.

o School district staff, in consultation with the hearing officer and you, will arrange the location, date and time of the impartial due process hearing.

o At least five business days before the impartial due process hearing, each party must show all other parties all evaluations completed by that date and all recommendations, based on those evaluations, that the party intends to use at the hearing. You may ask the hearing officer to issue subpoenas to require witnesses to attend the hearing or bring certain document to the hearing.

o If any party does not meet the requirement above, the hearing officer may forbid that party from introducing the related evaluation or recommendation at the hearing, unless it has the consent of the other party.

o An impartial due process hearing will be held and a decision will be mailed to each of the parties. The school district must ensure that this happens within 45 days after the end of the resolution period, unless either you or the school district request the time for the hearing to be extended beyond the 45 days and the impartial hearing officer has granted the extension.

o The decision made at an impartial due process hearing is final unless you or the school district file an appeal within 45 days of being notified of the decision.

### If the school district is the party filing the due process complaint, what must I do when I receive a copy of the district's due process complaint?

Within ten days of receiving the school district's due process complaint, you must send the school district a response that addresses the exact issues raised in the school district's due process complaint.

### What is a resolution meeting?

If you requested the due process hearing, a resolution meeting will be held before a due process hearing takes place. The meeting gives you an opportunity to discuss your complaint and the district an opportunity to resolve your complaint.

The school district will conduct a meeting with you and the member or members of the IEP team who have specific knowledge of the facts identified in your complaint. The district and you determine which members of the IEP team will come to the resolution meeting.

The meeting must:

o Be held within 15 days of the district receiving notice of your due process complaint. This will be within 7 days for an expedited, or more prompt, request.

o Include a representative of the school district or other public agency who has authority to make decisions on behalf of that agency.

o Not include an attorney of the school district unless you are accompanied by an attorney.

### What is the purpose of the resolution meeting?

The purpose of the meeting is for you to discuss your due process complaint, and the facts your complaint is based on, so that the school district has the opportunity to resolve the dispute your complaint is based on.

The meeting must be held unless you and the school district agree in writing not to have the meeting or agree to use the mediation process described in the "Mediation" section of this guide, in place of this meeting.

### What is resolution meeting facilitation?

When the Office for Exceptional Children provides a skilled mediator, or referee, who has received thorough training in special education to be present at the resolution meeting, this is called "resolution meeting facilitation."

The "facilitator" helps you and the necessary members of the IEP team resolve the dispute the complaint is based on. The facilitator:

o Helps keep communication open among the parties;

o Guides the discussion; and

o Helps the parties resolve disagreements.

The facilitator makes no decisions but helps the parties find their own solutions.

### How do I request resolution meeting facilitation?

To request resolution meeting facilitation, contact:

Ohio Department of Education
Office for Exceptional Children
Procedural Safeguards Section
*See pages 29 and 30 for contact information.*

### If the school district requests a due process hearing, is the district required to call a resolution meeting?

No. When a school district requests a due process hearing, there is no requirement for a resolution meeting and a 30-day resolution period.

If a district requests a due process hearing, the 45-day timeline for issuing a hearing decision begins when you receive notice of the district's due process complaint.

Within 45 days of when you receive the school district's due process complaint:

o The hearing must be held;

o A hearing decision must be reached; and

o A copy of the decision must be mailed, unless the hearing officer extends the timeline at the written request of either you or the school district.

### If my complaint is resolved at the resolution meeting, what is the next step?

If a resolution to the disagreement is reached at the resolution meeting, you and the school district must put into action a legal agreement that holds both of you to your part of the agreement and that is:

o Signed by you and a representative of the school district who has the authority to sign; and

o Able to be enforced in any appropriate court in the United States.

REVIEW PERIOD: If you and the school district execute a written settlement agreement, either you or the school district may cancel the agreement within 3 business days of the agreement's signing.

### What happens if my complaint is not settled through the resolution session?

If the school district has not resolved the complaint to your satisfaction within 30 days of when it learned of the due process complaint, the resolution period is over and the due process hearing may take place, unless an adjustment has been made to the 30-day resolution period.

An adjustment of the 30-day resolution period happens if:

o You and the district agree in writing to waive (bypass) the resolution meeting; or

o You and the district agree in writing that no resolution is possible once you begin discussing the issues in a resolution meeting or a mediation meeting; or

o You and the district agree in writing to go beyond the 30-day period so you can continue mediation, and then either you or the district withdraw from the mediation.

When any of these things happen, the resolution period is over and the 45-day timeline for the hearing begins. Within 45 days after the end of the 30-day resolution period:

o The hearing must be held;

o A hearing decision must be reached; and

o A copy of the decision must be mailed unless the hearing officer has extended the timeline at the written request of either you or the school district.

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

### What happens if I do not participate in the resolution meeting?

If you do not participate in the resolution meeting, the usual timelines for the resolution process (30 days) and the due process hearing (45 days) will be extended until the resolution meeting is held, unless you and the school district have jointly agreed in writing to:

o Bypass the resolution process; or

o Use state-coordinated mediation in place of the resolution meeting.

### What happens at the end of the resolution period if I do not participate in the resolution meeting?

If the school district cannot convince you to participate in the resolution meeting after making reasonable efforts (and keeping a record of those efforts), the school district may, at the end of the 30-day period, request that the hearing officer dismiss your due process complaint. This would be at the end of 15 days in the case of an expedited, or more prompt, request.

### What happens if the school district does not conduct the resolution meeting or does not participate in the resolution meeting?

If the school district (a) does not conduct the resolution meeting within 15 days (7 days if an expedited request) of receiving notice of your due process complaint or (b) does not participate in the resolution meeting, you may ask the hearing officer to become involved and begin the 45-day due process hearing timeline.

### If the due process hearing goes forward, what are my rights?

If you are involved in an impartial due process hearing, you have the right to:

o Have the child who is the subject of the hearing present;

o Open the hearing to the public;

o Be accompanied and advised by an attorney and by individuals with special knowledge or training related to the problems of children with disabilities;

o Present evidence, confront and cross-examine other parties and require the attendance of witnesses;

o Forbid any evidence being introduced that has not been shown to you at least five business days before the hearing;

o Get a written, or if you prefer, a word-for-word electronic record of the hearing;

o Get written, or if you prefer, electronic records of findings and decisions; and

o Receive the record of the hearing and the findings and decisions at no cost.

### How will the hearing officer communicate with me and the school district?

The hearing officer will provide you and the school district the same notices at the same time during all parts of the due process hearing.

### How will the hearing officer make his or her decision?

Generally a hearing officer's determination of whether your child received a free appropriate public education must be based only on the question of your child receiving an appropriate education and not on the school district's failure to follow the rules. If the school district, for example, did not have meetings as often as it should have, didn't invite the correct people to the meetings or didn't give you enough notice but you attended the meeting anyway, your child still received an appropriate education. The hearing officer can rule against the district for not providing a free appropriate public education, but cannot rule against the district for simply failing to follow the rules. If the district simply did not follow the rules, the hearing officer can order the district to begin following the rules and procedures.

EXCEPTION: If you are claiming that the district violated procedures related to your child qualifying for or receiving special education services, a hearing officer may find that your child did not receive a free appropriate public education. This may happen only if the procedures violations:

o Interfered with your child's right to a free appropriate public education;

o Seriously interfered with your opportunity to participate in the decision-making process

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

regarding the provision of a free appropriate public education to your child; or

o Caused your child to be deprived of educational benefits.

A hearing officer may still order a school district to meet procedural requirements.

NOTE: None of these hearing provisions take away your right to file an appeal with the Ohio Department of Education.

### What is my child's status during due process proceedings?

o Unless your child is in an interim alternative educational setting (IAES – a temporary learning setting outside the school that happens if the child is disciplined) while you are waiting for the decision of a due process hearing, review or judicial proceeding, your child must remain in his or her current educational placement (educational setting) unless you and the state or the school district agree otherwise. This is called "stay-put."

o If the due process complaint involves seeking an application for original admission to public school, the child, with the consent of the parents, must be placed in the public school until all the proceedings are completed.

o If the complaint involves an application to begin services under the school-age part of the law because a child has turned 3 years old and is no longer eligible for services under the early intervention part of the law, the public agency is not required to provide the early intervention services.

o If the child is found eligible for special education and related services under Part B and the parent consents to the initial provision of special education and related services, then the public agency must provide those special education and related services that are not in dispute between the parent and the public agency.

o If a review officer in a state-level review agrees with the child's parents that a change of placement (educational location) is appropriate, that placement must be treated as an agreement between the state and the parents for purposes of stay-put (see bullet one above).

NOTE: Part B of IDEA applies to children from 3 through 21 years of age. Part C of IDEA applies to children from birth through 2 years of age.

### What can I do if I disagree with the hearing officer's decision?

If you or the school district disagree with the decision made by a hearing officer, either of you may appeal to the Ohio Department of Education in writing within 45 days of learning of the decision.

o Send your original appeal (not a photocopy) by mail to:
  Ohio Department of Education
  Office for Exceptional Children
  Procedural Safeguards Section
  *See pages 29 and 30 for contact information.*

o Send a copy of your appeal to the superintendent of the school district.

When the Ohio Department of Education receives your appeal, it will appoint a state-level review officer (SLRO) to conduct an impartial review of the hearing officer's decision. The state-level review officer:

o Examines the entire due process hearing record;

o Ensures that the hearing procedures followed the requirements of due process;

o Seeks additional evidence, if necessary. If a hearing is held to receive additional evidence, your due process hearing rights apply;

o May grant time extensions if you or the school district make a request; and

o Makes an independent decision after completing the review.

For information about your due process hearing rights, see the earlier question "*If the due process hearing goes forward, what are my rights?*"

Within 30 days after the Ohio Department of Education receives a request for an appeal, the department will ensure that:

o An independent decision is reached in a state-level review hearing; and

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

o If you choose, a written copy or word-for-word electronic record of the findings and decision is mailed to all parties.

The 30-day timeline for state-level review hearing can be extended if either party requests an extension and the extension is granted in writing by the state-level review officer.

### What can I do if I do not agree with the decision of the state level review officer?

If you are not satisfied with the findings and decision made in a state-level review, you have the right to file a lawsuit in state or federal court.

You may appeal the decision:

o In a district court of the United States within 90 days from the date of the state level review officer's decision; or

o In the court of common pleas of the county in which the child's school district of residence is located within 45 days of receiving notice of the state level review officer's order.

*Filing in federal district court*: If you are appealing the decision in the United States district court, check with the district court to determine the court's filing requirements.

*Filing in Ohio common pleas court*:  If you are appealing the decision in an Ohio common pleas court, you must:

o Send your original appeal (not a photocopy) by mail to:
   Ohio Department of Education
   Office for Exceptional Children
   Procedural Safeguards Section
   25 South Front Street
   Mail Stop 202
   Columbus, Ohio 43215-4183; and

o Send a copy of your appeal to the appropriate court and the party you are appealing against.

In any appeal, the court:

o Receives the records of the due process hearing and the state-level review hearing;

o Hears additional evidence at the request of a party; and

o Grants the relief that the court determines to be appropriate, basing its decision on all the evidence.

### Do I pay for my own attorney fees?

You are responsible for paying your own costs for attorneys and expert witnesses. However, if you win your case in any action or proceeding related to your due process hearing (thus making you the "prevailing party"), you may ask the court to order the other party to reimburse you (pay you back) for your reasonable attorney fees. The hearing officer and state-level review officer cannot award attorney fees.

You should be aware that if another party is the prevailing party, you or your attorney may have to pay the reasonable attorney fees of that prevailing party.

If the prevailing party is the Ohio Department of Education or a school district, the parties listed in items 1 - 4 below may have to reimburse the Ohio Department of Education or the school district for legal fees:

1. The attorney of a parent who files a complaint or subsequent cause of action that is frivolous, unreasonable or without basis; or

2. The attorney of a parent who continued to pursue a lawsuit after lawsuit clearly became frivolous, unreasonable or without basis; or

3. The attorney of a parent, if the parent's request for a due process hearing or cause of action following it was presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of legal defense; or

4. The parent, if the parent's request for a due process hearing or cause of action following it was presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of legal defense.

*Meeting of IEP Team - Resolution Meeting*
Attorney's fees will not be awarded relating to any meeting of the IEP team unless the meeting is 1) a result of a due process hearing, state-level review or court case; or 2) called by the state for a state-coordinated mediation. Attorney's fees also cannot be collected for a due process resolution meeting.

*No Bonus or Multiplier*
The court will determine the amount that is considered to be reasonable attorney fees, based on typical rates in the community where the

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

action or proceeding was brought and on the type and quality of services provided.

No bonus or "multiplier" may be used in calculating the amount of attorney fees awarded by the court. For example, if your attorney fees were $40,000, you may not receive an extra $10,000 (bonus) or receive ($80,000 (double your fees) or $120,000 (triple your fees).

### Are there times when the court may not give me attorney fees for services performed after a written settlement offer?

Yes, you may not be awarded attorney fees and may not be reimbursed for related costs in any action or proceeding under section 615 of IDEA (such as a due process hearing or appeal) for services that were performed after you received a written offer of settlement, if:

o The offer is made within the time prescribed by Rule 68 of the Federal Rules of Civil Procedure or, in the case review proceeding, at any time more than ten days before the proceeding begins;

o You did not accept the offer within ten days; and

o The court or administrative hearing officer finds that the relief you finally received is not more favorable to you than the offer of settlement.

EXCEPTION: You may be awarded attorney fees and related costs if you are the prevailing party and you were well-justified in rejecting the settlement offer.

### Are there times when the court may reduce the amount of attorney fees for services performed after a written settlement offer?

Yes, if:

o You or your attorney, during the course of the action or proceeding, unreasonably delayed the final resolution of the controversy;

o The amount of your attorney fees is unreasonably greater than the hourly rate that is typical in the community for similar services provided by attorneys with similar skills, reputations and experience;

o The time spent and legal services provided were excessive considering the nature of the action or proceeding; or

o The attorney representing you did not provide to the school district the appropriate information in the due process request notice according to federal regulation 34 C.F.R. Section 300.508.

EXCEPTION: The above conditions do not apply in any action or proceeding if the court finds that the state or the school district unreasonably delayed the final resolution of the action or proceedings, thus violating Section 615 of IDEA.

### How can I get additional information about due process?

For additional information about due process contact:

o Ohio Department of Education
   Office for Exceptional Children
   Procedural Safeguards Section
   25 S. Front Street, Mail Stop 202
   Columbus, Ohio 43215-4183;
   Telephone (614) 752-1004,
   ODE Toll Free (877) 644-6338.

o Refer to Section 615 of the Individuals with Disabilities Education Improvement Act of 2004 (IDEA), Public Law 108-446, 108th Congress, enacted December 3, 2004 (H.R.1350) and effective July 1, 2005, 20 U.S.C. 1415; federal regulations at 34 Code of Federal Regulations (C.F.R.) Sections 300.507-300.518; Sections 3323.04 and 3323.05 of the Ohio Revised Code and Rule 3301-51-05 of the Ohio Administrative Code. The rule is part of the *Operating Standards for Ohio Educational Agencies Serving Children with Disabilities.*

o Consult with your attorney.

## DISCIPLINE

The terms "discipline" and "punishment" are often used interchangeably to refer to practices to improve behavior. Contrary to some views, the two practices are not the same. Understanding the differences is important for a successful classroom and successful parenting. This understanding will help educators and parents promote more cooperative, responsible, safe and healthy behavior for all students.

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

**Punishment** is simply a "quick fix." Punishment often does not solve a problem and, used alone, stops only the immediate behavior. Punishment requires little change in your child's beliefs or thoughts and usually has no value in your child's learning. Punishment will not change behavior long term because the basic need of the child that is causing the behavior has not been met. Punishment focuses on the child's action, not on the cause. It usually results in a child feeling anger, disrespect, revenge or defeat.

**Discipline**, however, is an approach to changing behavior through planning, teaching and evaluating. Effective discipline provides appropriate, logical consequences for your child's behavior and results in positive, long-term changes in behavior. True discipline does not focus on isolated behaviors, but is a learning process that provides the child with a variety of skills needed to learn. Discipline addresses the cause of the behavior and helps to create a safe, positive learning environment for all.

Discipline is firm, fair and befitting the behavior. It takes commitment, planning and ongoing problem solving.*

*Excerpts from: *Strategies for Developing a Comprehensive Classroom Management System.*

### What is a suspension from school?

A suspension is a "disciplinary" removal of your child from the current placement (educational setting) for misconduct. A suspension can be for up to ten school days in a row in the same school year. A removal for a longer period may be called an "expulsion."

Note that the school district may remove your child for additional periods of up to ten school days in a row in that same school year for separate incidents of misconduct, as long as those do not move the child out of the educational setting. "Change of placement" is further discussed in the paragraphs below and is defined in the "Definitions" section of this publication.

During a suspension of 10 school days or less, the school district does not make a free appropriate public education available to your child or carry out your child's IEP.

There are different types of suspensions, including:

o A formal suspension;

o An emergency removal;

o A removal of your child from school before the end of the regular school day;

o A bus suspension, if transportation is a related service on the IEP and there is no other transportation provided. (NOTE: If your child attends school during a bus suspension, those days do not count as days of suspension from school);

o An in-school suspension when special education services are not provided. If your child's IEP is being carried out, the in-school suspension does not count toward ten days of suspension; or

o An in-school suspension where your child is moved to another location in the school (such as the office) where your child's IEP is not carried out for long periods of time or for repeated periods of time.

### What happens if my child with a disability is suspended for ten school days or less in the same school year?

The board of education policies that have been established for any student who is suspended from school also apply to your child.
The district is not required to:

o Create a behavior assessment plan (to find out more about your child's behavior) or develop interventions (forms of assistance to improve the behavior);

o Make a manifestation determination (determine whether your child's behavior was caused by his or her disability); or

o Other services.

However, the IEP team during the ten day period could determine:

o If your child's IEP is appropriate;

o If your child's IEP is being followed;

o Whether an assessment plan is needed to look at the possible reason for your child's behavior; and

Copyright ODE April 2, 2012

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

o The need for assistance, strategies and
supports to help you child develop positive
behavior.

**When would my child's removal from school
for disciplinary reasons be considered a change
of placement (educational location)?**

A removal from school for disciplinary reasons
is considered a change of placement when:

o The removal is for more than ten consecutive
school days in the same school year; or

o Your child has been subjected to a series of
removals that suggest a pattern:

• Because the series of removals add up to
more than ten school days in a school year;

• Because your child's behavior is very
similar to your child's behavior in previous
situations that brought about the series of
removals; or

• Because of additional factors such as the
length of each removal, the total amount of
time your child has been removed and the
nearness of the removals to one another.

NOTE: A removal for more than ten consecutive
days in the same school year or series of
removals that suggest a pattern and add up to
more than ten school days in the same school
year may be called an expulsion.

**Who determines whether a pattern of
disciplinary removals makes up a change of
placement (educational setting)?**

School leaders decide on a case-by-case basis
whether a pattern of disciplinary removals is a
change of placement.

**What happens if my child's placement is
changed?**

Before changing your child' placement for a
violation of school rules, the school district must
provide your child with certain protections. One
of these protections is that the school district
must make a "manifestation determination"; in
other words, determine if your child's behavior
was related to or was a result of your child's
disability.

**What can I do if I disagree with the change of
placement?**

You may request an expedited due process
hearing to challenge the decision to change your
child's learning setting. The hearing officer will
decide if the school district has shown it
followed requirements when it changed your
child's placement. The hearing process is
discussed in more detail below in the following
paragraphs and in the "Due Process" section of
this document. An "expedited" due process
hearing takes place sooner than a "regular" due
process hearing and is discussed in detail below.

**What is a manifestation determination?**

A manifestation determination is a decision that
your child's conduct was caused by (in other
words, was a manifestation of) your child's
disability. This determination is made by the
school district, you the parent and relevant
(necessary) members of the IEP team ("relevant
members" are determined by you and the school
district).

**When is a manifestation determination review
conducted?  Who conducts the manifestation
determination?**

A manifestation determination is conducted
within ten school days of any decision to change
the placement (educational setting) of your child
with a disability because of a violation of school
rules.

The school district, the parent and relevant
members of the IEP team conduct the
manifestation determination. They must review
all related information in the child's file
including the child's IEP, any teacher
observations and any related information the
parents provide.

This relevant information is used to determine:
o If you child's behavior in question was caused
by, or had a direct and significant relationship
to the child's disability; or
o If the child's behavior was the direct result of
the school district's failure to put the IEP into
action.

If you, the school district and necessary
members of the IEP team decide that the child's
conduct met a condition in either #1 or #2
above, then the conduct is a manifestation of
your child's disability.

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

If the condition described in #2 above was met, the school district must take immediate steps to put the IEP into action.

**What can I do if I disagree with the manifestation determination?**

You may request an expedited due process hearing to challenge the decision. The hearing officer will decide if the school district has shown that your child's conduct was or was not a manifestation of your child's disability, according to the requirements above. The hearing process is discussed in more detail in the following paragraphs and in the "Due Process" section.

**What must the IEP team do if the behavior was determined to be a manifestation of my child's disability?**

If the behavior is a manifestation of your child's disability, the IEP team must:

o Either:
- Start to conduct a functional behavioral assessment (see the "Definitions" section) within ten days of the manifestation determination and complete the assessment as soon as possible, unless the school district had conducted a functional behavioral assessment before the behavior that brought about the change of placement, and enact a behavioral intervention plan for your child; or
- If a behavioral intervention plan already has been developed, within ten days of the manifestation determination, review the plan and its implementation and change it, as necessary, to address the behavior; and

o Return your child to the placement from which your child was removed, unless the parent and the school district agree to a change of placement as part of the modification of the behavioral intervention plan.

A "behavior intervention plan" is a plan to address a behavior of your child that is not appropriate in school.

**Are there any exceptions to the requirement that my child will be returned to the placement from which my child was removed if the**

**behavior was a manifestation of my child's disability?**

Yes, the district does not have to return your child to the placement from which your child was removed for certain behavior. Instead, the district may remove your child to an interim alternative educational setting (IAES – meaning a different educational setting) for up to 45 school days, even if your child's conduct was a manifestation of your child's disability, *if* your child:

o Carries a weapon to or possesses a weapon at school, on school premises or to or at a school function under the jurisdiction of a school district or the Ohio Department of Education;

o Knowingly possesses or uses illegal drugs, or sells or tries to buy or sell a controlled substance while at school, on school premises or at a school function under the authority of a school district or the Ohio Department of Education; or

o Has done serious bodily injury to another person while at school, on school premises or at a school function under the authority of a school district or the Ohio Department of Education.

**If my child's behavior in question was not a manifestation of my child's disability, how will my child be disciplined?**

If the conduct was not a result of your child's disability, school staff will follow the school's usual disciplinary procedures. The school may discipline your child in the same manner and for the same period of time as the school would discipline children without disabilities.

If your child is removed from the current educational placement (setting), your child must:

o Continue to receive educational services so your child can continue to participate in the general education curriculum, although in another setting, and to progress toward meeting the goals set out in your child's IEP; and

o Receive, whenever it is considered appropriate, a functional behavioral assessment and behavioral modifications that are designed to address the behavior so it does not happen again.

Copyright ODE April 2, 2012

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

NOTE: School staff may consider any unique circumstances on a case-by-case basis when determining whether to order a change in placement for a child with a disability who violates a code of student conduct.

### How will I be notified if the school district decides to change my child's placement because of a violation of a school rule?

On the date the decision is made to change your child's placement because of a violation of a school rule, the school district must:
o Notify you of the decision; and
o Provide you with your procedural safeguards rights notice (a copy of *Whose IDEA Is This?*).

### Who decides what the interim alternative educational setting (IAES—or different, temporary setting) will be and what services my child will receive?

The IEP team determines the IAES and appropriate services whenever:
o Your child violates school rules and a change of educational setting is made for more than ten school days in a row. This also happens when there is a pattern of removals of your child from the normal educational setting that add up to more than ten school days in a school year; or
o Your child's placement was changed because of special circumstances involving weapons, drugs or doing serious bodily injury to another person.

### How long can my child be in an interim alternative educational setting?

If your child's behavior was not directly caused by your child's disability, your child can be in an IAES for the same amount of time that a child without a disability would be disciplined.

If your child's behavior was directly related to or caused by your child's disability and:
o Your child's behavior involved violating school rules: your child must be returned to the education setting from which the child was removed, unless you and the school district agree to a change of setting as part of the change in the behavioral intervention plan or IEP;

o Your child's behavior involved a weapon or drug offense or doing serious bodily injury to another person: your child may be removed to an IAES for up to 45 days.

### What if I disagree with the placement decision that results from the disciplinary action?

You may request an expedited due process hearing to object to a placement decision for a disciplinary action. The hearing process is discussed in more detail below and in the "Due Process" section of this publication.

### How do I request an expedited due process hearing?

When you request an expedited due process hearing:
o Submit the request in writing to your superintendent and send a copy to the Office for Exceptional Children:
   • Send the original due process complaint to the superintendent of your child's school district of residence;
   • Send a copy of your due process complaint by mail or fax to:
     Ohio Department of Education
     Office for Exceptional Children
     Procedural Safeguards Section
     *See pages 29 and 30 for contact information.*

o The school district must contact the person in charge of due process hearings at the Office for Exceptional Children before the end of the following business day.

o A due process hearing officer will be appointed by the Office for Exceptional Children before the end of the following business day from the day the district informs the Office about the request.

o The due process hearing officer will contact you within 24 hours of the appointment to set up the hearing.

o An expedited hearing shall occur within 20 school days of the date the hearing was requested and must result in a determination within ten school days after the hearing.

Refer to the section "Due Process" for information about what you must include in your due process request.

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

**What can the school district do if it believes that maintaining my child's current placement (educational setting) is very likely to result in injury to my child or to others?**

If the school district believes that maintaining the current placement of your child is very likely to result in injury to your child or others, the school district may:

o Conduct an IEP meeting to review the IEP and discuss the concern with you and other members of the IEP team. If you and the school district disagree about how to address the district's concern, the district may ask for an expedited due process hearing; or

o Immediately ask for an expedited due process hearing without holding an IEP meeting; or

o Seek an order from a court or another remedy permitted by law.

**If the school district requests an expedited due process hearing, what are the next steps?**

If the school district requests an expedited due process hearing, the school district must:

o Provide you a written copy of the request and the procedural safeguards notice (*Whose IDEA Is This?*), if this is your first due process complaint in a school year; and

o Do a manifestation determination within ten school days of the decision to suspend.

**What if I disagree with the hearing officer's decision?**

You may object to the decision of the hearing officer in writing within 45 calendar days of when you receive the decision. Send your appeal to:

> Ohio Department of Education
> Office for Exceptional Children
> Procedural Safeguards Section
> *See pages 29 and 30 for contact information.*

Send a copy of your appeal to the superintendent of the school district of residence. See the "Due Process" section of this publication for more information about the appeal process.

**Where will my child be during my appeal of the hearing officer's decision?**

Your child will remain in the IAES for up to 45 school days if your child's placement in the IAES was ordered by the hearing officer. At the end of the 45 school days, if the district believes that returning your child to the original placement is very likely to result in injury to the child or to others, the district may bring a new expedited due process request.

**When can I request an expedited due process hearing?**

You may request an expedited due process hearing only to challenge:

o The manifestation determination for your child; or

o Any decision regarding your child's placement in an action regarding discipline.

As noted above, the school district may request an expedited due process hearing if the district believes that continuing your child's placement is very likely to result in injury to your child or others.

**Where is my child educated during an expedited due process hearing?**

Your child must remain in the IAES (temporary educational setting) until the hearing officer makes the decision or until the suspension or expulsion is over, whichever occurs first.

**How do I request an appeal of the decision made in an expedited hearing?**

You must make your request, in writing, to the Office for Exceptional Children within 45 calendar days of the day you are notified of the hearing officer's written decision.

o Send your original appeal by mail to:
   Ohio Department of Education
   Office for Exceptional Children
   Procedural Safeguards Section
   25 South Front Street
   Mail Stop 202
   Columbus, Ohio 43215-4183
   Fax (614) 728-1097

Copyright ODE April 2, 2012

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

o Send a copy of your appeal to the superintendent of the school district.

The review must be completed and a written decision issued by the state-level review officer within 30 calendar days. There can be no extension of the 30-day period. You can appeal the state level review officer's decision with the appropriate common pleas court or federal district court. See the "Due Process" section for information about how to appeal the state-level review officer's decision.

***My child has not been identified as a child with a disability, but I think my child has a disability that requires special education. Does my child have any protections if he or she has broken a school rule?***

If the school district knew that your child was a child with a disability before your child violated a school rule, you may ask that your child be given the same rights as other children with disabilities.

The school district is considered to have known that your child is a child with a disability if any of the following occurred before your child violated a school rule:

o You expressed your concern in writing to leaders or administrative staff of your school district or to a teacher of your child that your child needs special education services;

o You requested an evaluation for your child; or

o Your child's teacher or other school district personnel:

- Expressed – directly to the director of special education or other supervisory staff of the school district – specific concerns about a pattern of behavior your child is showing.

Your school district would be considered not to have known that your child is a child with a disability if:

o You:

- Have not allowed your child to be evaluated; or

- Have refused special education and related services for your child; or

o Your child has been evaluated and determined not to be a child with a disability.

If the school district does not know that your child is a child with a disability before taking disciplinary action, your child may receive the same discipline as children without disabilities who behave similarly.

***What will happen if I or another party requests an evaluation of my child while my child is being disciplined?***

If you or another party makes a request for an evaluation while your child is being disciplined, your child must be evaluated as quickly as possible.

Until the evaluation is completed, your child remains in the educational placement determined by school authorities, which can include suspension or expulsion without educational services.

When the evaluation is completed, a group of qualified individuals and you, the parent, determine whether your child is a child with a disability.

The group's decision will take into consideration information from the school district's evaluation and information you provided.

***If my child is determined to be a child with a disability, can the school district refer my child to the police and court and provide my child's education records to the police and court?***

IDEA does allow a school district or agency to report a crime committed by a child with a disability to appropriate authorities. IDEA also allows state law enforcement and courts to exercise their responsibilities to apply federal and state law to crimes committed by a child with a disability.

If a school district or agency reports a crime committed by your child, the school district must ensure that copies of your child's special education records and records of discipline are shared with the authorities that the district or agency reports the crime to.

A school district or agency reporting a crime may send copies of your child's special education records and discipline records only if

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

permitted to do so by the Family Educational Rights and Privacy Act (FERPA).

## NONPUBLIC (PRIVATE) SCHOOLS

In Ohio a private school is called a nonpublic school.

***What kind of nonpublic schools are there, and does it make a difference to me or my child?***

A nonpublic school is a school operated by private individuals or a private corporation or organization. There are two kinds of nonpublic schools: (1) chartered, which are authorized by the state of Ohio and (2) nonchartered, which are permitted to operate but do not meet *all* of the conditions required to be state-authorized. (See the definition of nonpublic schools in the "Definitions" section).

Individual students with disabilities who are placed by their parents in a nonpublic school (chartered or nonchartered) *may* still receive services from the public school district as described in this section. However, there is no guarantee. See the following question to learn about what determines whether your child will receive services.

***What are my rights if I am considering placing my child with a disability in a nonpublic school without consent or referral by the school district?***

If you are considering placing your child in a nonpublic school without consent or referral by the school district:

o Your district of residence is not required to pay the cost of education, including special education and related services, unless the school district has not made a free appropriate pubic education available to your child. (This means your school district has offered you special education and related services and you have declined them).

o If your child is eligible for services, the school district where you live (called the school district of residence) is responsible for making a free appropriate public education available to your child. If you make clear your intention to keep your child enrolled in the nonpublic

school, the district where you live does not need to develop an IEP for your child.

o If you choose to enroll your child in a nonpublic school instead of your school district of residence, your district of residence is not required to pay the cost of education, including special education and related services, unless the school district has not made a free appropriate public education available to your child.

o You have the right to have your child evaluated by the school district where the nonpublic school is located, which may not be your school district of residence.

o The school district where the nonpublic school is located will consult with the nonpublic school about how that school district will spend some of its money to serve children in the nonpublic school.

o The school district may decide to spend some of this money to serve your child, but the district is not *required* to serve your child. In other words, there is no individual right for your child to receive service.

o The school district makes the final determination of whether your child will receive any services and, if so, the services your child will receive.

o If the district decides to serve your child, it will develop a service plan.

o A service plan is different from an IEP because a service plan does not provide a free appropriate public education.

See *Guidelines for Providing Services to Children with Disabilities Parentally Placed in Ohio Chartered and Nonchartered Nonpublic Schools* for additional information. These are posted on EdresourcesOhio.org, keyword search: *Parentally Placed Nonpublic School Children.*

***What can I do if the nonpublic school my child attends does not consult with the school district where the nonpublic school is located about spending money to serve children at the nonpublic school?***

In this case you can contact that school district directly to request services for your child.

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

### Can the school district where the nonpublic school is located share information with our school district of residence?

You must give your consent before personal information about your child is shared between officials in the school district where the nonpublic school is located and the school district where you live.

### Do I give up any rights when I place my child in a nonpublic school?

You should be aware that your procedural safeguards rights are not the same if you choose to place your child in a nonpublic school.

*Due Process*: You have no due process rights beyond "child find," the district's responsibility to identify, locate and evaluate your child; the district offering an appropriate program for your child, whether you choose to take advantage of this program or not; and the district providing the appropriate amount of money as stated in law to provide *some* special education and related services to the group of children with disabilities placed in nonpublic schools by parents.

Also, your child is not guaranteed any service or any amount of a service that your child would receive if enrolled in a public school.

*Complaints*: You do have the right to file a written complaint with the Ohio Department of Education about:

o Child find (identifying, locating and evaluating your child);

o Identification and evaluation;

o Carrying out of services the school district has agreed to provide;

o The amount of funds the school district must spend;

o Location of services;

o Transportation;

o Separation of classes;

o Requirements that funds not benefit a nonpublic school;

o Use of public school staff;

o Use of nonpublic school personnel; and

o Requirements concerning property, equipment and supplies.

See the "Complaint" section of this document for information about how to file a written complaint.

### When is the public school district required to pay all or part of my child's nonpublic education?

If your child has received special education and related services from your school district and you enroll your child in a nonpublic school without the consent of or referral by the school district, a due process hearing officer or court may require the school district to pay you back for the cost of the nonpublic school placement if:

o The school district of residence has not made a free appropriate public education  available to your child in a reasonable time before the nonpublic school enrollment; and

o Placing your child in nonpublic school is appropriate.

A hearing officer or court may find that a parental placement (which is your decision to place your child in a nonpublic school) is appropriate even if it does not meet the standards that apply to education provided by the state and the school districts.

Reimbursement costs (the amount the school district must pay you back) for nonpublic education may be reduced or denied by the hearing officer or court if:

o At the most recent IEP meeting you attended before removing your child from the public school, you did not inform the IEP team that you were rejecting the proposed placement (meaning the district's arrangements for educating your child) and you did not state your concerns and your intent to enroll your child in a nonpublic school at public (your school district's) expense;

o You did not give written notice to the school district at least ten business days in advance (including any holidays that occur on a business day) before removing your child from the public school that you were rejecting the district's proposed arrangement for

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

providing a free appropriate public education to your child. This written notice should include a statement of your concerns and your intent to enroll your child in a nonpublic school at public expense;

o Before you removed your child from the public school, the school informed you of its intent to evaluate your child and you did not bring your child for the evaluation; OR

o There is a legal decision that actions taken by you were unreasonable.

The cost of reimbursement (again, the amount you will be paid back) for nonpublic school placement may not be reduced or denied if you did not provide written notice for one of these reasons:

o You cannot read or write in English;

o Providing the written notice would be likely to result in physical or serious emotional harm to your child;

o The school prevented you from providing such notice; or

o You did not receive your procedural safeguards rights notice (a copy of this document, *Whose IDEA Is This?),* and were not told that you had to provide written notice.

### *May my child receive services in the nonpublic school building?*

If the public school district chooses and the nonpublic school agrees, your child may receive services in the nonpublic school building.

### *Is transportation provided for my child?*

If your child is attending a chartered nonpublic school, your child is assured transportation to the same degree as any child without disabilities who is attending a chartered nonpublic school.

If your child is attending a nonchartered nonpublic school, your child is not assured transportation unless transportation is listed as a related service on your child's services plan.

If your child is attending either a chartered a or nonchartered nonpublic school and your child's service plan calls for services that are provided at another location, then transportation to and from that location must be provided.

Transportation must be provided to and from your child's nonpublic school or home to the location of the services, depending upon the time of services.

Copyright ODE April 2, 2012

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

## DEFINITIONS

### Administrative Review

A meeting at which you may present complaints to the superintendent of your school district regarding your child's evaluation, educational placement or the provision of special education.

### Age of Majority

Age at which special education rights transfer from you to your child (18 years in Ohio). An explanation of these rights (a copy of *Whose IDEA Is This?*) must be given to your child at least one year prior to his/her 18th birthday.

### Annual Goals

Statements on your child's IEP that describe what he or she can be expected to accomplish in one year.

### Assessment

Methods or tools used for measuring:

o Current academic performance and educational needs;

o Eligibility for services;

o Progress toward achieving goals; and

o Category of disability.

### Assistive Technology Device

Any piece of equipment or product that is used to increase, maintain or improve the capabilities of your child with a disability. The term does not include a medical device that is surgically implanted, or the replacement of such service.

### Assistive Technology Service

Any service that directly assists your child with a disability in the selection, acquisition or use of an assistive technology device including:

o Evaluation of your child's needs;

o Providing assistive technology devices for children with disabilities;

o Coordinating and using other therapies or services with assistive technology devices;

o Training or technical assistance for a child with a disability, or, if appropriate, that child's family; and

o Training or technical assistance for professionals who are involved in the major life functions of the child.

### Behavior Intervention Plan

A plan to address a behavior of your child that is not appropriate in school.

### Benchmark

A specific statement of what your child should know and be able to do in at specified time of the school year. Benchmarks describe how far your child is expected to progress toward the annual goal and by when.

### Change of Placement for Discipline

A removal from school for disciplinary reasons is considered a change of placement when:

o The removal is for more than ten school days in a row in the same school year; or

o Your child has been subjected to a series of removals that suggest a pattern:

• Because the series of removals add up to more than ten school days in a school year,

• Because your child's behavior is very similar to your child's behavior in previous instances that resulted in the series of removals; and

• Because of such additional factors as the length of each removal, the total amount of time your child has been removed and the close of the removals to one another.

### Child with a Disability

Either:

o a child who has a disability which meets the definition of a disability term included in the section "Definitions of Disability Terms;" or

o at the school district's choice, a child with a developmental delay (see definition later in this section) who needs special education and related services.

### Community School

A public school, created in according to Chapter 3314. of the Revised Code, that is independent of any school district and part of the state's education program. Community schools are considered school districts when it comes to educating children with disabilities under Chapter 3323 of the Revised Code and Chapter 3301-51 of the Administrative Code.

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

*Complaint*

A formal written document (a form) that a parent or other party files with the Ohio Department of Education, Office for Exceptional Children, which claims that a school district or other public agency is not following laws or regulations related to a child qualifying for or getting special education and related services.

*Continuum of Alternative Placement Options (Education Setting)*

A selection of services, including instruction in special classes or special schools; instruction in homes, hospitals and institutions; and supplementary services (such as a resource room or visiting instructor) that may be provided to a child with a disability in tandem with regular class.

NOTE: A change in the amount of time a child with a disability spends in a particular place is NOT considered a change of placement (educational setting) and does not require the parents' permission. A change from one building to another is also not a change of placement that requires parental permission as long as the new placement is in the like environment (for example a resource room) that it was in the previous building. For example, if a child was in the regular classroom part-time and a resource room part-time, and moves to a new building where the child is in the regular classroom part-time and the resource room part-time, there is no change of placement that requires the parents' permission. If the child is in the regular classroom for four classes and the resource room for two classes and the child's schedule is changed to three classes in the regular classroom and three classes in the resource room, it is not a change of placement that requires parents' permission.

*Developmental Delay*

A child 3 to 5 years old that an evaluation team of qualified professionals determines is experiencing a delay in one or more of the following areas: physical development; cognitive development; communication development; social or emotional development; or adaptive development. The term may be used in place of the following disability categories:

cognitive disability; emotional disturbance; speech or language impairment.

*Due Process*

A series of steps listed in the Individuals with Disabilities Education Improvement Act (IDEA) of 2004) that protect the rights of parents and their children with disabilities.

***Due Process Complaint and Due Process Hearing***

An impartial due process hearing is a formal hearing that is held at the request of a parent or public agency. This is done to resolve a due process complaint related to a child qualifying for or getting special education and related services.

***Early Intervention Services (EIS)***

Services provided to a child with a disability or developmental delay from birth through age 2.

*Evaluation*

Procedures used to determine whether your child has a disability and the special education and related services that your child needs.

*Evaluation Team*

For initial evaluations: a group of qualified professionals and the parent.
For reevaluations: A child's IEP team and other qualified professionals considered necessary.

***Free Appropriate Public Education (FAPE)***

Special education and related services provided at public expense, under public supervision and direction, and at no cost to parents. These services must meet the standards of the Ohio Department of Education; must include an appropriate preschool, elementary school, or secondary school education in the state; and must be based on your child's IEP.

***Functional Behavior Assessment (FBA)***

A process that may include interviews, direct observations and other evaluations of the student's behaviors. The process is used to determine what in the child's environment trigger inappropriate behavior, as well as which replacement behaviors need to be taught to the child so that the child will receive positive results and feedback. Some of the questions asked as part of a functional behavioral

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

assessment may include: What happened before the behavior?; What happened during the behavior?; What was the result of the behavior?; In what environment did the behavior occur?; Has the child's medication been changed?; and Did the child receive medication at the right time?

### Functional Vocational Evaluation

A process used to identify the student's work characteristics and training and support needs in relation to actual job requirements. Functional assessment information is gathered so that the best job match can be determined for a student.

### General Curriculum

The same curriculum that is taught to children who do not have disabilities.

### Homeless Children

See the term "homeless children and youths" in section (42 U.S.C. 11434a) of the McKinney-Vento Homeless Assistance Act as amended, 42 U.S.C. 11431 *et seq*.

### IDEA

The Individuals with Disabilities Education Improvement Act of 2004 at 20 U.S.C. 1400, Public Law 108-446 of the 108th Congress, December 3, 2004.

### Independent Educational Evaluation (IEE)

An evaluation of a child done by a trained professional who is not employed by the child's school district.

### Individualized Education Program (IEP)

A written statement for your child that is developed, reviewed and revised in accordance with federal and state regulations.

### Individualized Education Program (IEP) Team

A group of individuals responsible for developing, reviewing or revising an IEP for a child with a disability.

### Interim Alternative Educational Setting (IAES)

When a child is being disciplined, the school district may remove the child from the child's current educational placement (setting). The child's IEP team will determine an appropriate temporary placement for the child, called an interim alternative educational setting (IAES). In

the following circumstances, any school official can determine the IAES:

When the child:

o Carried a weapon to school or had a weapon while at school, on school premises, or to or at a school function under the authority of a school district or the Ohio Department of Education;

o Knowingly possessed or used illegal drugs, or sold or tried to buy or sell a controlled substance while at school, on school premises, or at a school function under the authority of a school district or the Ohio Department of Education; or

o Did serious bodily injury to another person while at school, on school premises, or at a school function under the authority of a school district or the Ohio Department of Education.

### Individualized Education Program (IEP) Facilitation

When a trained, neutral professional assists IEP team members to focus on the needs of the child and reach agreement on the services and supports to be included in the IEP.

### Intervention Assistance Team (IAT)

A team of educators from your child's school that meet to design various forms of assistance for children who are experiencing difficulty. You *may* be invited to participate in an IAT meeting about your child.

### Least Restrictive Environment (LRE)

As much as possible, children with disabilities (including children in public or nonpublic schools or other care facilities) are educated with children who do not have disabilities. A child with a disability is removed from the regular educational environment only when the child's disability is severe enough that the child cannot be educated in regular classes with the use of supplementary aids and services.

### Limited English Proficient (LEP)

When a child has limited or no ability to speak, read, write or understand the English language. Also see this term defined in section 9101 of the Elementary and Secondary Education Act of 1965.

Copyright ODE April 2, 2012

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

*Manifestation Determination*

A determination that your child's conduct was caused by, or was the direct result of, your child's disability. This determination is made by the school district, you the parent and relevant members of the IEP team ("relevant members" are determined by you and the school district).

*Mediation*

A voluntary process for resolving disputes between two parties which is led by a trained, impartial third party called a mediator. A mediator may be selected from a list of mediators maintained by the Ohio Department of Education.

*Modification*

Any change that is made in your child's school, work or environment to meet his or her individual educational needs.

*Native Language*

For an individual with limited English proficiency, this includes:

o The language normally used by that individual, or, in the case of your child, the language normally used by you as the parents of your child, except as stated in the following bullet.

o In all direct contact with your child (including an evaluation of your child), the language normally used by your child in the home or learning environment.

For an individual with deafness or blindness, or for an individual with no written language, the means of communication that is normally used by the individual (such as sign language, Braille, or verbal communication).

*Nonpublic School*

A nonpublic school is an institution of learning organized and maintained by private individuals or by a private corporation or organization. Chartered nonpublic schools are considered "private schools" that must meet the applicable "Operating Standards for Ohio's Schools" established in Chapter 3301-35 of the Administrative Code. Nonchartered, nontax-supported schools are not chartered or seeking to be chartered by the State Board of Education because of truly held religious beliefs.

*Objective*

A smaller, more manageable learning task that your child must master as a step toward achieving an annual goal. Objectives break the skills described in the annual goal into separate components that, when mastered, allow your child to meet the goal.

*Parent*

(A) "Parent" means:

    (1) A biological or adoptive parent of a child but not a foster parent of a child, (NOTE: A foster parent is forbidden by Ohio law from serving as a parent because legal custody of the foster child is held by a children services agency, and not by the foster parent. A foster parent may be appointed as a surrogate parent if the foster parent meets applicable requirements);

    (2) A guardian generally authorized to act as the child's parent, or authorized to make educational decisions for the child (but not the state if the child is a ward of the state);

    (3) An individual acting in the place of a biological or adoptive parent (including a grandparent, stepparent, or other relative) with whom the child lives, or an individual who is legally responsible for the child's welfare; or

    (4) A surrogate parent who has been appointed in accordance with 34 C.F.R. 300.519 or section 639(a)(5) of IDEA;

(B) Except as provided in (C) of this definition, the biological or adoptive parent, when attempting to act as the parent under Part B of IDEA and when more than one party is qualified under (A) of this definition to act as a parent, must be presumed to be the parent for purposes of this section unless the biological or adoptive parent does not have legal authority to make educational decisions for the child.

(C) If a judicial decree or order identifies a specific person or persons under (A)(1) through (3) of this definition to act as the "parent" of a child or to make educational decisions on behalf of a child, then such

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

person or persons shall be determined to be the "parent" for purposes of this definition.

NOTE: A student at age 18 may act on his or her own behalf.

### Placement

Includes the services provided to a child with a disability, the location of the services and the providers of those services.

### Preschool Child with a Disability

A child who is at least 3 years of age and not yet 6 years of age and meets the definition of a child with a disability or, at the choice of the school district, is a child who:

o Is experiencing developmental delays in one or more of the following areas: physical development, cognitive development, communication development, social or emotional development or adaptive development; and

o Who, because of it, needs special education and related services.

### Preschool Special Education

Specially designed instruction that meets the needs of a child with a disability who is between 3 years old and 5 years old.

### Present Levels of Performance (PLOP)

Statements developed from information about a child. This information includes the child's progress on the current IEP, the evaluation team report, input from you and your child, interventions, assessments, observations and special factors. This information provides a "picture" of a child including his or her strengths and needs.

### Procedural Safeguards

Procedures established in federal and state law and regulations that protect the rights of children with disabilities and their parents in regard to a child receiving a free appropriate public education.

### Public Agency

Includes the school districts, county boards of developmental disabilities, other educational agencies, community schools and other political subdivisions of the state that are responsible for providing education to children with disabilities.

### Public Expense

Paid for by the school district, or otherwise provided at no cost to the parents.

### Reevaluation

The process used to determine if a child continues to have a disability and the educational needs of the child.

### Referral

A parent's, school district's or other education agency's request for a first evaluation of a child who is suspected of having a disability.

### Related Services

Transportation and developmental, corrective and other supportive services that are required to assist a child to benefit from his or her special education. These include the services listed in the federal regulation at 34 CFR 300.34.

### Resolution Meeting Facilitation

When a trained, neutral professional is called to a resolution meeting set up by the school district to try to resolve a due process complaint, this is called resolution meeting facilitation. The "facilitator" tries to help the parent and members of the IEP team resolve the disagreement.

### School District

A city, local, exempted village school district, or a community school.

### School District of Residence (DOR)

The school district where the parents of a child with a disability live. If your child is enrolled in a community school, the community school is considered to be your child's school district of residence.

### Services Plan

A written statement that describes the special education and related services the school district will provide to a child with a disability who is placed by parents in a nonpublic school and who has been designated to receive services. This plan includes location of the services and any transportation necessary.

### Special Education

Specially designed instruction, at no cost to the parents, to meet the unique needs of a child with a disability, including instruction

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

conducted in the classroom, in the home, in hospitals and institutions and in other settings; and instruction in physical education, and includes the terms specified in the federal regulation at 34 C.F.R. 300.39.

### Standardized Tests

Tests that are given in the same way each time and are broken down into subsets to assess different areas of ability. IQ tests, achievement or language, developmental, adaptive behavior, behavior assessment and fine motor, gross motor and visual perceptual tests are examples of standardized tests.

### State-Level Review

A review of a due process hearing decision which either the parent or school district has appealed. It is conducted by a state-level review officer appointed by the Office for Exceptional Children.

### Stay-Put

Your child's educational status during a due process hearing. Your child must remain in his or her current educational setting unless the state or local agency and the parent agree otherwise.

### Supplementary Aids and Services

These are aids, services and other supports that are provided in regular education classes, other education-related settings and in extracurricular and nonacademic settings. These are intended to enable children with disabilities to be educated as much as possible with children who do not have disabilities.

### Surrogate Parent

A surrogate parent is an individual who may represent a child with a disability in all matters relating to the child qualifying for and receiving special education and related services. A surrogate parent is appointed if the child's parent cannot be identified or located, the child is a ward of the state or the child is an unaccompanied homeless youth.

### Suspension

When a school removes your child from his or her current educational placement (setting) for up to ten days in a row for a behavior violation.

### Transition Services

A coordinated set of activities for a child at age 16 or younger that is focused on improving the academic achievement of the child with a disability. Transition services support the child in moving from school to adult life, including higher education; job training; employment; continuing and adult education; adult services; and independent living or community participation. Transition services are based on the individual child's needs, taking into account the child's strengths, preferences and interests. Transition services can include instruction; related services; community experiences; and the development of employment and other adult living objectives, and if appropriate, developing daily living skills and providing a functional vocational evaluation. For a child age 14 or younger, if it is determined appropriate by the IEP team, transition services can focus on the student's courses of study.

### Ward of the State

The term "ward of the state" means a child who is determined by his or her state of residence to be a foster child, a ward of the state, or in the custody of a public child welfare agency.

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

## DISABILITY TERMS DEFINITIONS

### Autism

A developmental disability significantly affecting verbal and nonverbal communication and social interaction, generally evident before age 3 that adversely affects a child's educational performance. Other characteristics often associated with autism are engagement in repetitive activities and stereotyped movements, resistance to environmental change or change in daily routines and unusual responses to sensory experiences. The term does not apply if a child's educational performance is adversely affected primarily because the child has a serious emotional disturbance. A child who manifests the characteristics of autism after age three could be identified as having autism if the requirements of the first two sentences of this definition are satisfied.

### Cognitive Disability

Significantly below-average general intellectual capability that exists along with deficits in adaptive behavior It is demonstrated during the child's developmental period and negatively affects a child's educational performance.

### Deaf-blindness

Hearing and visual impairments occurring together. The combination causes such severe communication and other developmental and educational problems that the child with deaf-blindness cannot be accommodated in special education programs designed only for children with deafness or only for children with blindness.

### Deafness

A hearing impairment that is so severe that the child is unable to process language through hearing, with or without amplification, and the child's educational performance is affected.

### Emotional Disturbance

A condition showing one or more of the following characteristics over a long period of time and to a degree that it affects a child's educational performance, resulting in:

o An inability to learn that cannot be explained by intellectual, sensory or health factors;

o An inability to build or maintain satisfactory relationships with peers and teachers;

o Inappropriate types of behavior or feelings under normal circumstances;

o A general pervasive mood of unhappiness or depression; or

o A tendency to develop physical symptoms or fears associated with personal or school problems.

The term includes schizophrenia. The term does not apply to children who are socially maladjusted, unless it is determined that they have a serious emotional disturbance.

### Hearing Impairment

Impairment in hearing, whether permanent or fluctuating, that adversely affects a child's educational performance, but that is not included under the definition of deafness.

### Multiple Disabilities

Impairments that occur simultaneously (such as cognitive disability-blindness and cognitive disability-orthopedic impairment), the combination of which causes such severe educational problems that they cannot be accommodated in special education programs solely for one of the impairments. The term does not include deaf-blindness.

### Orthopedic Impairment

A severe orthopedic impairment that adversely affects a child's educational performance. The term includes impairments caused by congenital anomaly (e.g., clubfoot, absence of some member), impairments caused by disease (e.g., poliomyelitis, bone tuberculosis) and impairments from other causes (e.g., cerebral palsy, amputation and fractures or burns that cause contractures).

### Other Health Impairment

Having limited strength, vitality, or alertness, including a heightened alertness to environmental stimuli, that results in limited alertness with respect to the educational environment, that is due to chronic or acute health problems such as asthma, attention deficit disorder or attention deficit hyperactivity disorder, diabetes, epilepsy, a heart condition, hemophilia, lead poisoning, leukemia, nephritis, rheumatic fever or sickle cell anemia and

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

Tourette syndrome; and adversely affects a child's educational performance.

### Specific Learning Disability

A disorder in one or more of the basic psychological processes involved in understanding or in using language, spoken or written, that may manifest itself in an imperfect ability to listen, think, speak, write, spell or to do mathematical calculations. The term includes such conditions as perceptual disabilities, brain injury, minimal brain dysfunction, dyslexia and developmental aphasia. The term does not include children who have learning problems that are primarily the result of visual, hearing or motor abilities, of cognitive disability, of emotional disturbance or of environmental, cultural or economic disadvantage.

### Speech or Language Impairment

A communication disorder, such as stuttering, impaired articulation, language impairment or a voice impairment that adversely affects a child's educational performance.

### Traumatic Brain Injury

An injury to the brain caused by external physical force or by other medical conditions, including but not limited to stroke, anoxia, infectious disease, aneurysm, brain tumors and neurological insults resulting from medical or surgical treatments. The injury results in total or partial functional disability or psychosocial impairment, or both, that adversely affects a child's educational performance. The term applies to open or closed head injuries, as well as to other medical conditions that result in acquired brain injuries. The injuries result in impairments in one or more areas, such as cognition; language; memory; attention; reasoning; abstract thinking; judgment; problem-solving; sensory, perceptual, and motor abilities; psychosocial behavior; physical functions; information processing; and speech. The term does not apply to brain injuries that are congenital or degenerative, or brain injuries induced by birth trauma.

### Visual Impairment Including Blindness

Impairment in vision that, even with correction, adversely affects a child's educational performance. The term includes both partial sight and blindness. Visual impairment for any child means:

○ A visual impairment, not primarily perceptual in nature, resulting in a measured visual acuity of 20/70 or poorer in the better eye with correction; or

○ A physical eye condition that affects visual functioning to the extent that special education placement, materials and/or services are required in an educational setting.

Effective Date: April 1, 2012 Technical Corrections

Prior Effective Dates:  Feb. 2000; Nov. 2004; Addendum to Nov. 2004: effective July 1, 2005; Sept. 2005 (Technical Corrections 9/23/2005, 11/7/2005, 11/17/2005); March 1, 2007; March 1, 2007: Corrected April 3, 2007; July 1, 2008: Addendum Sept. 2009

Copyright ODE April 2, 2012

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

# FORMS FOR MEDIATION, COMPLAINTS AND DUE PROCESS

*Whose IDEA Is This? A Parent's Guide to the Individuals with Disabilities Education Improvement Act of 2004*

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?



**Office for Exceptional Children**

## DIRECT REQUEST FOR MEDIATION

I am <u>requesting mediation</u> with my child's school district in order to resolve issues involving my child with a disability. Please contact the district on my behalf.

**Date:** _____

**Child's name:** _____

**Child's grade:** _____

**Child's school and district of attendance:** _____

**Parent (print name):** _____

**Parent signature:** _____

**Address:** _____

**City, state and zip code:** _____

**Phone number(s):** _____

**Please mail and/or fax to:**

Ohio Department of Education

Office for Exceptional Children

Mediation Coordinator

25 South Front Street, Mail Stop 202

Columbus, OH 43231-4183

Phone: (614) 728-1113

Fax: (614) 728-1097



**Office for Exceptional Children**
**Attn: Assistant Director of Procedural Safeguards**
**25 South Front Street, 2nd Floor, MS 202**
**Columbus, OH 43215**

# COMPLAINT FORM

Complainant Name: _____

Complainant Relationship to Student: _____

Complainant Address: _____

City, State and Zip Code: _____

Complainant Phone Numbers:

Work: _____

Home: _____

Email Address (Optional): _____

Student's Name: _____

Student's Address (if address is different from complainant's address):

_____

Student's Age: _____ Student's Grade Level: _____

Student's Area of Identified/Suspected Disability: _____

Student's School District Of Residence: _____

Name Of The School The Student Is Attending: _____

_____ Please check if your child participates in the Autism Scholarship Program

Complaint Form, Revised August 2009                                          Page | 1

**A description of the problem including facts relating to the problem:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Date of violation:** _____
*As per 34 C.F.R. §300.153(c) [Filing a complaint], the date of the alleged violation **cannot** be more than one year prior to the date that you are filing this complaint.

**A proposed resolution to the problem:**

_____

_____

_____

_____

_____

_____

_____

*The proposed resolution will be taken into consideration; however, the final resolution of the complaint will be determined by the Ohio Department of Education Office for Exceptional Children.

Complaint Form, Revised August 2009                                                        Page | 2

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

**A description of the problem including facts relating to the problem:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Date of violation:** _____
*As per 34 C.F.R. §300.153(c) [Filing a complaint], the date of the alleged violation **cannot** be more than one year prior to the date that you are filing this complaint.

**A proposed resolution to the problem:**

_____

_____

_____

_____

_____

_____

_____

*The proposed resolution will be taken into consideration; however, the final resolution of the complaint will be determined by the Ohio Department of Education Office for Exceptional Children.

**A description of the problem including facts relating to the problem:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Date of violation:** _____

\*As per 34 C.F.R. §300.153(c) [Filing a complaint], the date of the alleged violation **cannot** be more than one year prior to the date that you are filing this complaint.

**A proposed resolution to the problem:**

_____

_____

_____

_____

_____

_____

_____

_____

\*The proposed resolution will be taken into consideration; however, the final resolution of the complaint will be determined by the Ohio Department of Education Office for Exceptional Children.

Complaint Form, Revised August 2009                                                                 Page | 4

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

**A description of the problem including facts relating to the problem:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Date of violation:** _____
*As per 34 C.F.R. §300.153(c) [Filing a complaint], the date of the alleged violation **cannot** be more than one year prior to the date that you are filing this complaint.

**A proposed resolution to the problem:**

_____

_____

_____

_____

_____

_____

_____

_____

*The proposed resolution will be taken into consideration; however, the final resolution of the complaint will be determined by the Ohio Department of Education Office for Exceptional Children.

Complaint Form, Revised August 2009                                                                 Page | 5

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

**A description of the problem including facts relating to the problem:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Date of violation:** _____

*As per 34 C.F.R. §300.153(c) [Filing a complaint], the date of the alleged violation **cannot** be more than one year prior to the date that you are filing this complaint.

**A proposed resolution to the problem:**

_____

_____

_____

_____

_____

_____

_____

_____

*The proposed resolution will be taken into consideration; however, the final resolution of the complaint will be determined by the Ohio Department of Education Office for Exceptional Children.

Complaint Form, Revised August 2009                                                        Page | 6

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

**A description of the problem including facts relating to the problem:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Date of violation:** _____

*As per 34 C.F.R. §300.153(c) [Filing a complaint], the date of the alleged violation **cannot** be more than one year prior to the date that you are filing this complaint.

**A proposed resolution to the problem:**

_____

_____

_____

_____

_____

_____

_____

_____

*The proposed resolution will be taken into consideration; however, the final resolution of the complaint will be determined by the Ohio Department of Education Office for Exceptional Children.

Complaint Form, Revised August 2009                                                                Page | 7

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

**List the school officials you have made contact with regarding these issues (include name and title):**

_____

_____

_____


**COMPLAINANT'S SIGNATURE:** _____


As per 34 C.F.R. §300.153, this form must be signed or it cannot be processed and will be returned to you for signature.

- The Office for Exceptional Children only accepts formal complaints with an **original signature**. Complaints which are faxed or sent via email will <u>not</u> be accepted.
- As per 34 C.F.R. §300.153 (c), a copy of the complaint must be sent by the complainant to the district against whom the complaint is filed.

☐ **Please check the box if you have sent a copy of this complaint to the superintendent of the school district against whom the complaint is being filed (Please note this is required).**

At the conclusion of the OEC's review, findings are issued only to the parent, or student who has reached the age of majority, and the district, unless the complainant has obtained and filed the necessary consent for release of the information. If the complaint does not have the necessary consent for release of information, the complainant receives a letter of assurance that any identified areas of noncompliance have been addressed.

***Note:*** The use of this form is not required. Instead of using this form, you may submit your own complaint but your request must include all information required by federal regulation 34 C.F.R. §300.153.

**Please mail all complaints to the following address:**

**Ohio Department of Education**
**Office for Exceptional Children**
**Attn: Assistant Director of Procedural Safeguards**
**25 South Front Street, 2nd Floor, MS 202**
**Columbus, OH 43215**

If you have questions regarding the completion of this form or the complaint process, contact the Office for Exceptional Children at (614) 466-2650.

Effective Date: August 2009



**DUE PROCESS COMPLAINT AND REQUEST FOR A DUE PROCESS HEARING**

**Instructions**

---

**Please provide information requested in all of the fields**.

1. *Name, birthdate and grade* of the child.

2. *Disability category*: Provide a list of all disabilities that currently apply to the child. If the child has not been identified as a child with a disability, state "Child has not been identified" in the space provided.

3. *Address* of the residence of the child; or in the case of a homeless child or youth, available contact information.

4. *Name and address* of the school the child is attending.

5. *Name of parent and address* if address is different from child's; or in the case of a homeless child or youth, *available contact information* for the child: "Homeless" means homeless within the meaning of section 725(2) of the McKinney-Vento Homeless Assistance Act, 42 U.S.C. 11434a(2); and telephone numbers.

6. *Mediation:* Mediation is a free service provided by the State to resolve disputes. Participation in mediation is completely voluntary and must be agreed to by both parties. A mediator will arrange dates for the parties to discuss remedies to resolve the dispute. Mediation is concurrent with due process, but the mediation meeting will usually be scheduled before the due process hearing takes place. If you are interested in mediation, please check the applicable line.

7. *Description of the Problem and Facts Relating to the Problem:* Provide a description of the nature of the problem which is the basis of your request for a due process hearing, and provide facts relating to the problem. ***Example of Problem***: The problem is the school district's failure to implement my child's IEP. ***Example of Facts Relating to the Problem****:* My child has not received the speech and language services specified in her IEP.

8. *Description of the Proposed Resolution*: State the resolution you are proposing to the extent known and available to you at the time. ***Example of Proposed Resolution:***  I am proposing that my child receive the speech and language services specified in her IEP.

9. *Attorney or Representative:* If you have an attorney or representative in this case, please provide the name and address of the attorney or representative. If this section is completed by the parent or LEA, all due process correspondence and information will be sent to the attorney or representative and not to the parent or LEA.

10. *Signature:* Party requesting the hearing is required to print, sign and date the complaint notice/due process hearing request.

11. *Expedited Hearing, if Applicable:* A parent may request an expedited hearing **only** if the parent disagrees with a decision regarding placement for disciplinary removals or with the manifestation determination. A local educational agency (LEA) may request an expedited hearing **only** if the LEA believes that maintaining the current placement of the child is substantially likely to result in injury to the child or to others. An e*xpedited hearing may **not** be requested for any other reason.*

12. *Submission of Request*: Send the original completed request to the other party, and send a copy to the Ohio Department of Education, Office for Exceptional Children, Procedural Safeguards, 25 South Front Street, Columbus, Ohio 43215-4183 or fax a copy to (614) 728-1097.

**Note:**  The use of this form is not required. Instead of using this form, you may submit your own due process request, but your request must include all information required by federal regulation at 34 C.F.R. § 300.508.

---

## DUE PROCESS COMPLAINT AND REQUEST FOR A DUE PROCESS HEARING

| NAME OF CHILD ON WHOSE BEHALF THE HEARING IS REQUESTED | CHILD'S BIRTHDATE *(Month/Day/Year)* | GRADE |
|---|---|---|
| | | |

**DISABILITY CATEGORY**

**ADDRESS OF THE RESIDENCE OF THE CHILD; OR IN THE CASE OF A HOMELESS CHILD, AVAILABLE CONTACT INFORMATION**

**NAME AND ADDRESS OF THE SCHOOL THE CHILD ATTENDS**

| NAME OF PARENT AND ADDRESS IF ADDRESS IS DIFFERENT FROM CHILD'S. IN THE CASE OF A HOMELESS CHILD OR YOUTH, AVAILABLE CONTACT INFORMATION FOR THE CHILD | TELEPHONE NUMBER  (     ) |
|---|---|
| | DAYTIME TELEPHONE NUMBER  (     ) |

**A BILINGUAL OR SIGN LANGUAGE INTERPRETER IS REQUESTED**

☐ YES ☐ NO  **IF YES,** specify language/mode of communication

**NAME OF SUPERINTENDENT AND SCHOOL DISTRICT OF RESIDENCE**

**MEDIATION**

☐ YES ☐ NO  I am interested in mediation.

**A DESCRIPTION OF THE PROBLEM** (*Describe the nature of the problem of the child relating to a proposed initiation or change of placement or provision of a free appropriate public education*) (Attach additional pages if necessary).

DUE PROCESS COMPLAINT AND REQUEST FOR A DUE PROCESS HEARING (continued)
DESCRIPTION OF PROBLEM (continued)

**FACTS** *(Provide facts relating to the problem described above)* (Attach additional pages if necessary).

**A DESCRIPTION OF THE PROPOSED RESOLUTION YOU ARE SEEKING** (*Provide the proposed resolution of the problem to the extent known and available to the party at the time*) (Attach additional pages if necessary).

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?

| NAME AND ADDRESS OF THE ATTORNEY OR REPRESENTATIVE FOR THE PARENT/GUARDIAN OR LEA. *If this section is completed, all information and correspondence regarding the due process request will be sent to the attorney or representative and not to the parent or LEA.* | TELEPHONE NUMBER<br><br>(        ) |
|---|---|
| | FAX  NUMBER<br><br>(        ) |

**THE PARTY REQUESTING THE HEARING IS (Check one):**

_____  Parent/Guardian of the child on whose behalf the hearing is being brought

_____  School District of Residence(Superintendent)

_____  Other Educational Agency (Name):

_____

_____  Student with a Disability Who Is At Least 18 years Of Age But Not More Than 21 Years of Age

_____
Name (printed) of Party Requesting Hearing

_____
Signature of Party Requesting Hearing

_____
Date of Signature

**REQUEST FOR EXPEDITED HEARING**
**(COMPLETE THIS SECTION ONLY IF YOU ARE REQUESTING AN EXPEDITED HEARING)**

*AN EXPEDITED HEARING MAY BE REQUESTED **ONLY** IF ONE OF THE FOLLOWING REASONS APPLIES.*

**Parent:  As the parent/guardian or student, I am requesting an expedited hearing because (Check *one* of the following):**

_____  I disagree with a decision regarding placement for disciplinary removals; *or*

_____  I disagree with the manifestation determination.

**School District:  As the school district, I am requesting an expedited hearing because:**

_____  I believe that maintaining the current placement of the child is substantially likely to result in injury to the child or to others.

*Submission of Request*: Send the original completed request to the other party, and send a copy to the Ohio Department of Education, Office for Exceptional Children, Procedural Safeguards, 25 South Front Street, Columbus, Ohio 43215-4183 or fax a copy to (614) 728-1097. *Note:* The use of this form is not required. Instead of using this form, you may submit your own due process request, but your request must include all information required by federal regulation at 34 C.F.R. § 300.508. **See page one for instructions.**

7/1/2005, rev. 2/1/ 2007, rev. 7/1/2008; rev. 8/28/2008



**Office for Exceptional Children**

## WITHDRAWAL

### DUE PROCESS AND/OR COMPLAINT WITHDRAWAL FORM
**To be filled out for Complaint and/or Due Process <u>Withdrawal</u> only**

CASE NUMBER: _____

☐     **COMPLAINT WITHDRAWAL**

☐     **DUE PROCESS WITHDRAWAL**

This confirms the mediation or settlement agreement between_____

and_____, herein after called the "parties,"

resulted in a mutual agreement between the parties. As a result of the agreement,

_____hereby withdraws the complaint against

_____

that was filed on _____.

Parent signature: _____ Date: _____

District representative signature:_____ Date: _____

Witness signature: _____ Date: _____

**Please mail and/or fax to:**

Ohio Department of Education

Office for Exceptional Children

Mediation Coordinator

25 South Front Street, Mail Stop 202

Columbus, OH 43231-4183

Phone: (614) 728-1113

FAX: (614) 728-1097

5:17-cv-00883
Defendants' Answer Exhibit 2
Whise IDEA Is This?